ALMSTAEDT v. BENDICK et al.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

WILL—SUSPENSION OF POWER OF ALIENATION.

    A testatrix devised all her property to her executors in trust for her four children, the principal to be kept intact until the decease of her last surviving child, when it was to be divided equally among her grandchildren. *Held*, that the will was void, as a suspension of the power of alienation beyond two lives in being.

Appeal from special term, Richmond county.

Partition by Julius Almstaedt against Isabella Bendick and others. From an interlocutory judgment entered on a decision made at special term, defendants, Hulda Bendick and others, infants, by Lewis S. Goebel, their guardian ad litem, appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

George M. S. Schutz, for appellants.
William M. Mullen, for respondent Julius Almstaedt.

GOODRICH, P. J.    The action is for partition of real estate which the complaint alleges was owned by the plaintiff and certain of the defendants, as tenants in common, having descended to them as heirs at law of one Rachael Almstaedt. Rachael left her last will, containing the following clauses:

"(5) I give and bequeath unto my executors, in trust for my four children, namely, Isaac, Isabella Bendick, Johanna Bach, and Julius, to and for the uses, interests, and purposes herein described and declared, all the real and personal property owned by me, and which I die seised of, consisting in part of money in bank and real estate situate on Richmond turnpike and Tompkins avenue, in the town of Castleton, aforesaid, and more particularly described in a certain deed made and executed by Isaac Almstaedt to Rachael Almstaedt, dated May 20, 1886, and recorded in the office of the clerk of the county of Richmond, in Liber 166 of deeds, page 296, May 25, 1886."

"(8) The principal of my entire estate, both real and personal, to be kept intact, whole, and unsold by my said executors, in trust, until the decease of my last surviving child; then to be, without any unnecessary delay, divided equally among their children, share and share alike; and for that purpose I hereby authorize and empower my executors to sell, at public auction or private sale, my real estate to the highest bidder, as they may deem best for the interest of my heirs, and to give proper and legal deeds for the same."

The plaintiff contends that these clauses are void, as being in contravention of the statute forbidding the suspension of the power of alienation beyond the period of two lives in being. We are clearly of opinion that this contention is correct. In Colton v. Fox, 67 N. Y. 348, a will with clauses strikingly like those quoted was under consideration. It is necessary only to refer to that case as authority for holding, as we do, that the testatrix attempted to suspend the power of alienation of the property, and to vest the title thereto in her executors, in trust during the lives of her four children, and until the death of the survivor of them, and that her will, to that extent, is nugatory. This being the case, and there being no residuary clause, it follows that the testatrix died intestate as to the premises in question, and that they descended to her four children as tenants in common.

The interlocutory judgment should be affirmed, without costs of this appeal. All concur.