---

(71 App. Div. 598.)

### In re DIPPEL'S WILL.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

WILLS—CONSTRUCTION—BEQUEST—VALIDITY.

    A bequest of the interest on a certain sum for a certain number of years, when the entire sum is to be paid to the beneficiary, if living, and directing the bequest to be equally divided among her living children, if she dies before such time, but not till the youngest child is 21 years old, is not invalid as suspending the absolute ownership in the money for a period longer than allowed by law, as it immediately vests in the beneficiary, subject to pass to her children, in case of her death within the 10 years, but payment to be postponed till the youngest child reaches the age of 21 years.

Appeal from surrogate's court, New York county.

In the matter of the last will and testament of Annie Dippel. From a decree of the surrogate sustaining a bequest, Frederick Dippel appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

James L. Bishop, for appellant.
Wilson R. Mendell, for respondents.

INGRAHAM, J. The surrogate upheld the sixth paragraph of the will of the testatrix, which is as follows:

"Sixth. I give and bequeath to my sister, Mary Fischer, the interest on twelve hundred ($1,200) dollars, until ten years after my decease, then the

whole amount of twelve hundred ($1,200) dollars shall be paid to her by my executors hereinafter named. In case she shall not be living at that time, then the said amount of twelve hundred ($1,200) dollars shall be equally divided amongst her children then living, share and share alike, but not until the youngest child is twenty-one years of age."

It appeared that at the death of the testatrix Mary Fischer had living four children, all infants under the age of 14 years. Upon the proceeding for the probate of the will, Frederick Dippel, the husband of the testatrix, interposed an answer, by which he alleged that this sixth clause of the will was void, as suspending the absolute ownership of this sum of $1,200 for a longer period than allowed by law. It was said by Peckham, J., in Roe v. Vingut, 117 N. Y. 212, 22 N. E. 934:

"If a general scheme can be found to have been intended and provided for in the instrument, and such general scheme is consistent with the rules of law, and so may be declared valid, it is the duty of courts to effectuate the main purpose of the testatrix. To accomplish such object the meaning of words and phrases used in some parts of the will must be diverted from that which would attach to them if standing alone, and they must be compared with other language used in other portions of the instrument, and limitations must be implied, and thus the general meaning of all the language must be arrived at."

This clause of the will creates no trust in express terms. Nothing is expressly given to the executors. The legacy is directly to the sister. She is entitled to the whole interest on the $1,200 for 10 years from the death of the testatrix, and then the $1,200 is to be paid to her by the executors. This sum is severed at once from the estate. The entire interest or income is payable to the legatee, the payment being postponed for the period named. In Warner v. Durant, 76 N. Y. 136, it is said:

"Where the gift is to be severed instanter from the general estate, for the benefit of the legatee, and in the meantime the interest thereof is to be paid to him, that is indicative of the intent of the testator that the legatee shall, at all events, have the principal, and is to wait only for the payment until the day fixed."

In that case the will gave to the executors, in trust, $275,000, invested in bond and mortgage on real estate in the city of New York, and during the continuance of the trust the executors were to pay annually 7 per cent. interest upon $15,000 to Oliver Blush, "and, at the expiration of five years from my decease, to pay over the principal sums upon which the interest hereinbefore has been directed to be paid to the respective parties to whom said interest money is directed to be paid." It was claimed by the appellants that this clause of the will suspended the absolute ownership of the fund for five years, and was void. It was held, however, that the legacy at once vested. In Steinway v. Steinway, 163 N. Y. 185, 57 N. E. 312, the question of the suspension of the absolute ownership of personal property was thoroughly discussed and the authorities examined. In speaking of Warner v. Durant, supra, it was said:

"The court found the intention to make the gift absolute as of the time of the testator's death, because (1) the gift was by the will itself at once severed from the general estate for the benefit of the legatee; * * * (2) during the five years in which the payment of the legacy was deferred the interest upon it was to be paid to the legatee; and therefore, since the tes-

tator intended that the legatee should have the whole fund and all its income, he actually gave him at the outset the whole of it, notwithstanding that he interposed the trustees as intermediate and final paymasters. Thus the payment of the whole interest or income of the legacy pending the delay in payment of the principal is essential to the immediate vesting of the legacy." .

In that case the court held that a legacy vested and the legatee became the absolute owner, although the trustees were given a power to collect the dividends upon certain stocks, and to dispose of them as directed by the will during a period specified. Applying this principle to the clause in question, it would appear that the legacy of $1,200 vested in Mary Fischer upon the death of the testatrix. The executors were to hold the $1,200 until they were directed to pay it to Mary Fischer, as that was clearly the intention of the testatrix. Mary Fischer's title, however, was subject to be devested by her death prior to the time when the $1,200 was to be paid to her by the executors. We are not now concerned with the disposition of this fund upon the happening of the contingency, viz., Mary Fischer's death prior to the time when the payment to her was to be made. The testatrix, however, evidently intended that, if her title to this money was devested because of her death prior to that time, it should vest in her children, the payment to them to be deferred until the arrival of the youngest child at the age of 21 years, and it was the youngest child living at the death of the testatrix that was thus indicated. In the event that the title to Mary Fischer should be thus devested, the income of the fund prior to its distribution would follow the legal title, which would vest in her children equally, share and share alike. Taking this whole clause together, we think it was the evident intention of the testatrix that Mary Fischer should have the income of this fund for 10 years when she should have the principal. If she died prior to the expiration of this 10 years, then the $1,200 was to be divided between her children, share and share alike, the payment, however, to be postponed until the youngest child living at the death of the testatrix should arrive at the age of 21 years; and although some of the language used could be construed to be in conflict with this view, still we think this intention is plainly expressed, and we are not required to defeat what appears to have been the intent of the testatrix, because of the ignorance of the draftsman of the will and his failure to imply the usual phraseology used in wills of this character.

We think, therefore, that the decree of the surrogate should be affirmed, with costs. All concur.