(122 App. Div. 435.)

### KEENAN v. KEENAN et al.

(Supreme Court, Appellate Division, Second Department. November 29, 1907.)

PERPETUITIES—SUSPENSION OF POWER OF ALIENATION—TRUSTS—VALIDITY.

Testator devised land to his executor in trust, to hold for the benefit of testator's son for five years and to pay the son from the income a stated sum per month. The will further provided that if the son should die without issue the property devised for his benefit should go to testator's surviving children. *Held*, that the trust was valid; the devise not suspending the power of alienation for more than two lives in being, since the trust was to terminate on the death of the son.

Appeal from Special Term, Kings County.

Action by Elizabeth Keenan against Thomas Keenan, interpleaded with Frank Reilly, individually and as executor, and others. From the judgment, plaintiff and certain of defendants appeal. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

R. M. Cahoone, for appellant Keenan.
James P. Judge, for other appellants.
Lewis C. Grover, for respondent Frank Reilly.
Thomas E. Pearsall, for respondent Garrett Reilly.

HOOKER, J. The plaintiff and certain defendants appeal from a judgment dismissing the plaintiff's complaint. The action is brought under section 1537 of the Code of Civil Procedure for the partition of certain real property owned by the deceased at the time of his death. The fourth paragraph of his will, which purports to create a trust, is attacked by the plaintiff, and the case turns upon the question whether or not the trust is valid. If so, the plaintiff is not entitled to any relief.

Paragraph 4 of the will, the effect of which is in dispute, is as follows:

"I give and devise to my executor the three pieces of real estate situate on Carroll street in said borough known by the numbers 18 (eighteen), 49 (forty-nine) and 51 (fifty-one), in trust to hold for the benefit of my said son, Garrett, for the term of five years and pay him from the income forty dollars ($40) per month, and holding the remainder in trust for his benefit in the future, and keeping the property in fair condition free from arrears of taxes and assessments. If at the end of that period it shall be found that my son, Garrett, has abstained from intoxicating drink during the same, the executor may turn over the property to him, with the surplus of income; otherwise he is to continue to hold the same as in his judgment it shall seem proper to do so."

Paragraph 6 of the will is as follows:

"I give, devise and bequeath the residue of my estate, if any there be, to my two sons and daughter, and in case my son, Garrett, shall die without issue, the real estate devised for his benefit shall go to my surviving son and my daughter equally."

In addition to the properties mentioned in these paragraphs of the will, the deceased left the contents of his stable to his son Garrett Reilly; a house to his daughter, Elizabeth Keenan, this plaintiff, sub-

ject to a lien thereon in favor of her children; a house in trust for the children of a deceased child; and certain household furniture to his daughter, this plaintiff.

The plaintiff contends that the attempted devise in the fourth paragraph of the will, for the benefit of the son Garrett, is void, because it suspends the power of alienation for more than two lives in being at the time of the creation of the. trust. It is to be observed that the trustee is directed to hold the property for five years for the benefit of the son Garrett, and pay him from the income the sum of $40 per month. If the will merely directed that the property be held in trust for a term of years, the trust would doubtless be void, as offending against the statutes of perpetuities; for a trust which is to continue for a definite number of years, during which the power of alienation is suspended, may readily be for a longer period than two lives in being. Kalish v. Kalish, 166 N. Y. 368, 59 N. E. 917; Brown v. Quintard, 177 N. Y. 75, 69 N. E. 225; Hagemeyer v. Saulpaugh, 97 App. Div. 535, 90 N. Y. Supp. 228; Haynes v. Sherman, 117 N. Y. 433, 22 N. E. 938. It seems, however, that it was not the intent of the testator absolutely to suspend the power of alienation of these properties for a period of five years. It is true that the executor was to hold them for five years, but this is for the purpose of paying part of the income to the son Garrett; and inasmuch as such payment could not be made after Garrett's death, the trust must, of course, cease upon that occurrence, whether it should fall before or after the end of the five year period. And this scheme is somewhat emphasized by the provision in the sixth paragraph that, if the son Garrett shall die without issue, the real estate devised for his benefit shall go to the surviving son and daughter of the testator equally. The trust was, therefore, valid. The judgment merely dismisses the complaint, and it does not seem orderly that we discuss other questions in relation to the alleged unlawful accumulation, for they do not appear to be raised by the record.

We conclude that the judgment is right, and it must be affirmed, with costs. All concur.