PERPETUITIES (§ 4*)—CREATION OF FUTURE ESTATE—TRUSTS.

A will bequeathing a sum of money in trust to pay the income annually to testator's son, until two years from his death, when one half of the principal was to be paid to the son, the other half to be kept in trust three years longer, when the balance should be paid over, is not void as a perpetuity.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–44;  Dec. Dig. § 4*;  Cent. Dig. Trusts, §§ 3,4.]

Judicial settlement of the account of the Lincoln Trust Company and another, as executors of the last will of Philip Kraker, deceased. Decree entered.

Bowers & Sands, for executors.
A. Perry Osborn, special guardian.
Henry C. De Witt, for Reversionary Estates Co.

FOWLER, S.   It is a great satisfaction to me that this cause is brought on for rehearing, or rather hearing, for there has been no prior hearing or argument.   I myself had suggested such "rehearing," before formal application for it was made.   I should have greatly regretted to have had any decree entered in this matter without a hearing, as when it came before me for the first time by submission I labored under a misapprehension as to the facts.   The only brief then submitted to me was one for the special guardian, a gentleman of my own designation, in whose experience and learning I have confidence.   From the fact that no other brief was submitted to me by any one concerned, I inferred that the real question of law was agreed on and foreclosed, and that all the parties, including the very experienced counsel for the trust company, acquiesced in the position taken by the special guardian, and that the limitation was affected by the vice of a perpetuity.   My prior conclusion was predicated wholly on that circumstance.   But it was not so.   But I will not excuse myself by the plea of a wrong assumption, as I gave the case inadequate attention when first before me.   I hope that I have no pride of opinion, and I have since re-examined my former conclusion with scrupulous care, and I am not satisfied with it.   All I can say in extenuation of my former conclusion is:  Erravi "mea culpa."

Let me remark, however, at this point, that as the tendency is to resort to this court more and more, for purposes of judicial interpretation of wills, appointments of trustees, and other matters not formerly within the cognizance of courts of probate, I shall for my own protection, as our regular contentious business is very great, feel at liberty hereafter, in all such matters of construction and interpretation, to pursue the course once taken in chancery, and direct hearings and rehearings before me as often as is necessary to instruct my understanding of the real points in controversy.   Thus some unnecessary error on my

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

part may be avoided. This is but fair to myself. In this matter I was hurried by a written request for an immediate decision out of the usual course. Fortunately no harm has resulted in this matter to any one but myself, and that is of small consequence. No decree has been made, and the matter is now res nova, in so far as all the parties are concerned. My former opinion will now go for naught. The case is not affected by it and it deserves no consideration—being based· on a misapprehension of the positions of the parties. I now enter into a new consideration of the matter.

The only question submitted to me in this proceeding concerns the validity of the sixth paragraph of the will of Philip Kraker, as follows:

"Sixth. I give, devise and bequeath unto my executors, the sum of two thousand dollars, in trust nevertheless for the following purposes: To pay the entire income thereof, annually, to my son, Solomon P. Kraker, until two years shall have elapsed from the date of my decease, when one-half of the trust fund shall be paid over to him; the trust of the remaining one thousand dollars ($1,000) shall then continue as before; until five years shall have elapsed from the date of my decease, when said remaining one thousand dollars ($1,000.00) shall be paid over to my son, Solomon P. Kraker, whereupon the trust herein created shall cease and come to an end."

The will contains the following general and unrestricted residuary clause:

"Seventh. All the rest, residue and remainder of my estate, I give, devise and bequeath unto my two daughters, Blanche Kraker and Ruth Kraker, share and share alike, for their own use and behoof, forever. And I hereby appoint them my residuary legatees. Should it become necessary to have a guardian appointed for any of my children, I do hereby nominate and appoint my brother-in-law, Carl Solomon, as such."

The special guardian objects that the sixth bequest is void because the limitation of the trusts contained in the sixth clause of the will is invalid, and he insists that the $2,000 thereby attempted to be disposed of consequently falls into the residuary, and that the decree herein should so provide. As trusts of personalty in this state are now adjudged to suspend the power of alienation, modo et forma, as trusts of real property, and for the same reason (Gilman v. Reddington, 24 N. Y. at page 12; Genet v. Hunt, 113 N. Y. at page 168, 21 N. E. 91; Lent v. Howard, 89 N. Y. at page 179), they must be limited on lives in being and must terminate within, or at the expiration of, the life of the longest liver of two cestui que vie, or the trust is void in the creation. Pers. Prop. Law (Consol. Laws 1909, c. 41) § 11; Emmons v. Cairns, 2 Sandf. Ch. 369, 377; Manice v. Manice, 43 N. Y. 303, 382; Wells v. Wells, 88 N. Y. 323, 331, 332; Beardsley v. Hotchkiss, 96 N. Y. 201, 216; Matter of O'Hara, 95 N. Y. 417, 47 Am. Rep. 53; Underwood v. Curtis, 127 N. Y. 523, 28 N. E. 585.

At common law, where an executory trust now arises on a too remote event, the invalidity of the trusts will not destroy the rights of the persons intended to take the proceeds, if they are ascertained. Matter of Daveron, Bowen v. Churchill (1893) 3 Ch. Div. 421; Tullett v. Corville (1894) 2 Ch. Div. 310; 3 Ch. Div. 381. In this jurisdiction if the trust is void as a perpetuity, the fund sometimes falls

into the residuary. Leggett v. Stevens, 185 N. Y. 70, 77 N. E. 874; Almstaedt v. Bendick, 47 App. Div. 265, 267, 61 N. Y. Supp. 1019; Matter of Miner, 146 N. Y. 121, 40 N. E. 788; Riker v. Cornwell, 113 N. Y. 115, 125, 20 N. E. 602; Gallavan v. Gallavan, 57 App. Div. 320, 322, 68 N. Y. Supp. 30. But the limitation in this instance I find on further reflection is not void, as I first thought was agreed by counsel.

I was under the impression, when I handed down my former direction for decree in this matter, that the counsel for all the parties had agreed that the bequest for the benefit of Solomon P. Kraker was void as a perpetuity, and that the trust fund therefore went into the residuary. But I was mistaken on this point, as I stated above. Upon further examination it is apparent to me that the decision on this bequest to Solomon P. Kraker, even since the Revised Statutes altered the common law so materially, is entirely decisive against the special guardian's contention, and that this particular bequest for the benefit of Solomon P. Kraker is as valid as it would be at common law. In the case of Warner v. Durant, 76 N. Y. 133, the same contention, now put forth by the guardian herein, was considered under an almost identical state of facts, and without dissent that eminent court affirmed the validity of a very similar bequest. There, as here, was a bequest to executors in trust to hold a specific sum for five years and at the expiration of five years to pay the same to the legatee entitled meanwhile to the interest. The Court of Appeals went directly to the heart of the matter and, ignoring forms, held that it was obvious that the testator intended that the gift was to be severed instanter from the general estate for the benefit of the legatee, and in the meantime that the interest thereof was to be paid to such legatee; that such direction was indicative of the intent of the testator *that the legatee should at all events have the principal* and was to wait for the same only until the day fixed. The Court of Appeals held that the gift vested at once, and they cite Matter of Hart's Trusts, 3 De G. & J. 195, although their citation is to a wrong volume of the reports of De Gex & Jones.

It is obvious to me that the Court of Appeals in Warner v. Durant were guided not only by a sense of justice, but that they had due deference to the existing law of trusts and legacies. The legatee's interest vested at once, and only payment was postponed. Chapl. Susp. Power Alien. (1st Ed.) § 412, note 4. It might be said argumentatively that in Warner v. Durant the question arose between the legal representatives of the beneficiary of the income and those who would be entitled were the future interests held to be contingent, and that no question really arose as to whether the limitation in Warner v. Durant was an illegal suspension or a valid limitation within the rule against perpetuities. But I will not attempt to distinguish this case from that case. I have no doubt that the vice of a perpetuity under the Revised Statutes was fully considered by the Court of Appeals, as it appears to be distinctly raised in the brief of counsel. It, however, is to be observed that the language of the Court of Appeals in Warner v. Durant is that which is ordinarily associated with legal limitations and

legacies, and not with gifts to trustees on trusts under our statute of uses and trusts. They treat the gift in Warner v. Durant as if it were one directly to the use of a legatee, and they ignore that it was made through the medium of a trust. In other words, the Court of Appeals treat the gift as a mere legacy, accompanied by a direction postponing the time of payment. Matter of Mahan, 98 N. Y. at page 376; Matter of Dippel, 71 App. Div. 598, 76 N. Y. Supp. 201; Steinway v. Steinway, 163 N. Y. at pages 197, 198, 57 N. E. 312; Matter of Schmidt, 137 App. Div. at page 288, 121 N. Y. Supp. 982; Bushnell v. Carpenter, 92 N. Y. 270. In this I think they were right; the trust when stripped in Warner v. Durant was so trivial and inconsequential as to amount to a mere direction to executors to pay over. So is the trust feature in this matter before me.

That the point of perpetuity was not discussed in Warner v. Durant would be a very superficial criticism, I think, of the decision. That such decision is most just in substance and in its result is apparent. It carried the corpus to the very beneficiary intended by the testator, and this with me is a controlling circumstance, which I adverted to in my former direction in this matter. If there was any consideration in Warner v. Durant of the formal law of trusts and remainders, then prescribed by the Revised Statutes and regulating future interests in personalty, the court no doubt thought 1 Revised Statutes, 725, § 14 (now Real Prop. Law, § 58) applicable. Van Axte v. Fisher, 117 N. Y. 403, 22 N. E. 943. But, as I stated before, the decision in Warner v. Durant does not speak in the terms of the existing law of estates, interests, and remainders. It goes straight to the heart of the matter, and it is binding on me here. As a rule of property Warner v. Durant has been often no doubt followed, although the cases citing it rarely, I think, present again the same state of facts. This matter before me does present very similar if not identical facts.

But there are other adjudications of this state which I have found for myself upon my re-examination of this case and which do speak in terms of the existing law of uses, trusts, remainders, and future interests in personalty. These decisions seem to me also applicable to this will now before me. In Keenan v. Keenan, 122 App. Div. 435, 107 N. Y. Supp. 152, there was a devise to trustees, income to a son "for a term of five years," and if at the end of five years it shall be found that the son has abstained from intoxicating liquors the executors may turn over the property to him with the surplus or continue to hold the same in their discretion, and in case the son died without issue, remainder over, etc. The court held that, as the trust must end at the death of the beneficiary in any event, it did not suspend the power of alienation beyond a life, and that it was valid. In determining whether a trust really violates the existing rule against perpetuities, the courts will now consider whether the trust will in any event survive the period of a life, although the trust term is for a definite space of time. Kahn v. Tierney, 135 App. Div. at page 900, 120 N. Y. Supp. 663. These decisions go further than such cases as Schermerhorn v. Cotting, 131 N. Y. 58, 29 N. E. 980, and Montignani v. Blade, 145 N. Y. 111, 120, 121, 39 N. E. 719. In every case of a trust

a court will lean toward that construction which will support the will. Coston v. Coston, 118 App. Div. at page 4, 103 N. Y. Supp. 307.

Having now reconsidered the matter and heard parties not heard before, I feel that I must adjudge the sixth clause of the will of Philip Kraker valid and sufficient to carry the legacy or corpus of $2,000 to Solomon P. Kraker as the testator intended.

Decreed accordingly.