ject, I have reached the conclusion that not every violation of a city ordinance is a misdemeanor unless its violation is expressly declared to be such. Under the present charter, it is specially provided that violations of certain ordinances and regulations shall be misdemeanors. The sections and their sources in the Consolidation Act are as follows: Park Ordinances Charter, § 610, Consolidation Act, § 676; Fire Regulations Charter, § 773, Consolidation Act, § 465 (in part); Dock Regulations Charter, § 827, Consolidation Act, § 717; Sanitary Code, § 1172, Consolidation Act, § 575; Sanitary Code, § 1222, Consolidation Act, § 543.

By section 95 of the Inferior Courts Act (Laws of 1910, chap. 659), a person found guilty of a violation of the Sanitary Code, or any sanitary regulation, ordinance, or order of said Code, shall be punished in the same manner as is provided for the punishment of a person found guilty of misdemeanor. With respect to park ordinances the charter (section 610) expressly makes the violation a misdemeanor, whereas under the Consolidation Act it was not a misdemeanor. Thus it will be observed that the charter is precise in making certain violations misdemeanors.

[2, 3] In view of the fact that the present ordinance does not declare its violation a misdemeanor, and of the further significant fact that whenever a violation of the law is declared a misdemeanor in the charter, it is expressly mentioned as a misdemeanor, the conclusion follows that a violation of section 408 of the ordinances of the city is not a misdemeanor, and therefore the conviction of the defendant as aiding and abetting in the violation of the said section is without authority in law.

The decision of this appeal is in accord with the views expressed in the brief of the learned assistant district attorney, to whom I am indebted for making a careful and exhaustive research of the law affecting this case.

The judgment of conviction should be reversed, and, as the defendant cannot be successfully prosecuted, the charge against him is dismissed.

Judgment reversed, and charge dismissed.

---

(78 Misc. Rep. 325.)

### In re LINCOLN TRUST CO.

(Surrogate's Court, New York County. November, 1912.)

WILLS (§ 634*)—CONSTRUCTION—VESTED OR CONTINGENT INTERESTS.

Where a will directed executors to invest one-seventh of the remainder of an estate, together with an amount mentioned in a particular item, and to pay the income semiannually to testator's son during life, and on his death, leaving lawful issue, to pay the principal and any interest not

paid over to such issue as they should come of age, and in default of such issue to divide it equally among the testator's surviving children and the children of any who should have died, a surviving child of testator's son, who died before coming of age, took a vested remainder in one-fourth of the property held in trust for the life of her father, and the decree settling the accounts of the trustee should direct the payment thereof to the child's administrator.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

Judicial settlement of the account of the Lincoln Trust Company, as trustee under the last will of George F. Codington. Decree entered.

Bowers & Sands, of New York City, for trustee.

Anson J. Fowler, of Newburg, in pro. per.

Timothy Murray, special guardian, for Martha Codington, infant.

Joseph P. Morrissey, special guardian, for William Codington, infant.

COHALAN, S.  The substituted trustee under the will of George F. Codington has filed its account, and asks for a construction of paragraph sixth, so as to enable it to make a proper distribution of the property held by it as such trustee. The paragraph referred to reads as follows:

"Sixth. I order and direct my said executors to retain and hold in their hands the remaining equal seventh part or portion of the remainder of my estate, together with the said sum of one thousand dollars lately mentioned in the fourth item of this will, and invest the same securely, and pay the interest or income of the whole thereof in semiannual payments to my son Charles H. Codington for and during his natural life, and upon his decease, if my said son Charles shall leave lawful issue him surviving, I direct my said executors to pay the whole of the principal thereof and interest which shall not have been for any cause then paid over to the lawful issue of my said son Charles H. Codington, share and share alike, as they shall arrive at the age of twenty-one years; and in default of such issue of my said son Charles, I direct my executors upon his death to pay the said sums of money directed to be retained in their hands and divide the same equally among my surviving children and the children of any of my children who shall then have become deceased, provided, however, that the children of any deceased child shall only take the share the parent would have taken if alive."

Charles H. Codington died in 1903. He was survived by four children, Mary, Marjorie, William, and Martha. Mary Codington became of age on the 1st of June, 1904, and her share was then paid to her. Marjorie died on the 15th of March, 1912, before arriving at the age of 21. The question to be determined is whether Marjorie took a vested remainder in one-fourth of the one-seventh held in trust for the life of her father, or whether her right to the possession of the property was contingent upon her arriving at the age of 21.

If the testator intended that the trust estate should continue until the issue of his son Charles reached the age of 21, the gift would be invalid as a suspension of the absolute ownership of property for more than two lives in being. Manice v. Manice, 43 N. Y. 303; Matter

of Wilcox, 194 N. Y. 288, 87 N. E. 497. The language of the testator, however, would seem to indicate that he intended that the property held in trust during the life of his son Charles should vest immediately upon his death in his lawful issue then surviving, but that the payment of the money or the actual transfer of the possession of the property should be deferred until such issue arrived at the age of 21. In other words, futurity did not apply to the vesting of the gift, but merely to the time of payment. The direction in the will is that the trustee should upon the death of Charles pay the whole of the principal to his lawful issue then surviving. This direction to pay is not limited or qualified by a direction that the payment should not be made unless the issue of Charles H. Codington arrived at the age of 21. If the testator had intended that the property after the death of his son Charles should not go directly to the issue of Charles then surviving, but that it should go only to such of his issue as reached the age of 21, it is reasonable to suppose that he would have provided by appropriate phraseology that in the event of such issue not reaching the age of 21 the property should be paid to the survivors or to other beneficiaries.

His failure to make such an alternative provision for the distribution of the property, coupled with the extremely significant fact that he did provide for its disposition in the event of his death without leaving issue surviving him, is convincing evidence of his intent that it should belong to such of the issue of his son Charles as survived him, but that actual payment should be deferred until the legatees respectively arrived at the age of 21. After the death of Charles the right of his issue then surviving to their respective shares of the property held in trust during the life of their father became absolute, and the title of the trustee was merely a power in trust to manage the property until the children arrived at the age of 21 respectively, and then to pay over to each of them his or her respective share. Steinway v. Steinway, 163 N. Y. 184, 57 N. E. 312. The deferring of payment through the creation of this power is not a suspension of the power of alienation. Bliven v. Seymour, 88 N. Y. 469; Steinway v. Steinway, supra. The legacy to the surviving issue of Charles being absolute, and the time of payment only postponed, such issue took a vested remainder in the property; and, upon the death of any such issue intestate before arriving at the age of 21, her legal representative became entitled to the share which vested indefeasibly in her upon the death of her father. Quade v. Bertsch, 65 App. Div. 600, 72 N. Y. Supp. 916, affirmed 173 N. Y. 615, 66 N. E. 1115; Matter of Dippel, 71 App. Div. 598, 76 N. Y. Supp. 201; Smith v. Edwards, 88 N. Y. 105; Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388, 10 Am. St. Rep. 464; Vanderpoel v. Loew, 112 N. Y. 185, 186, 19 N. E. 481.

A decree directing payment of one-fourth of the property held in trust for the life of Charles H. Codington to the administrator of Marjorie Codington will be signed.

Decreed accordingly.