---

### In re KALTER'S WILL.

#### (Surrogate's Court, New York County.   July 28, 1914.)

1. WILLS (§ 630*)—CONSTRUCTION—VESTED OR CONTINGENT GIFTS.

   Where a will gave personal property to nephews and nieces to be distributed among them equally, payable upon their attaining the respective age of 21 years, and, after directing the executor to deposit all moneys belonging to testator, gave to a party other than the nephews and nieces the interest accruing therefrom for a period of ten years, the bequests to the nephews and nieces were not vested, but contingent.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1464–1480, 1486, 1487; Dec. Dig. § 630.*]

2. PERPETUITIES (§ 4*)—CONTINGENT GIFTS OF PERSONALTY.

   Where a will created a contingent gift of personalty for a stated term of ten years, it created an unlawful perpetuity, and the bequests were void.

   [Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–44; Dec. Dig. § 4.*]

3. PERPETUITIES (§ 6*)—GIFTS CONSTITUTING.

   A suspension of the absolute power of alienation resulting in an unlawful perpetuity can be created only by an express trust or power in trust or by a contingent limitation.

   [Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–47, 49–53, 56; Dec. Dig. § 6.*]

Proceeding to prove the last will and testament of Max Kalter, deceased, in which a construction of the will was asked.   Decree in accordance with the opinion.

Louis J. Jacoves, of New York City (Robert H. Ernest, of New York City, of counsel), for executrix.

Leopold Freiman, of New York City, for Sara Kalter.

FOWLER, S. [1, 2] On the probate construction of the will was reserved, and pursuant to section 2624, C. C. P., now comes on for hearing. The second clause of the inartificial will of the late Mr. Kalter gives and bequeaths to his eight nieces and nephews named in the will all his little personal estate, "to be distributed among them, share and share alike, payable unto them upon their attaining the respective age of 21 years." This bequest appears on its face to involve no illegality, but taken in connection with subsequent clauses of the will a point of no little difficulty arises.

The demarcation between absolute gifts of personalty and gifts on conditions precedent is often very narrow. A bequest to one at 21 and a bequest payable at 21 do not much differ in expression, yet one is vested and the other contingent. If the gift and direction as to payment are, however, distinct, the direction as to the time of payment does not postpone the vesting. Bartholomew's Trusts, 1 M. & G. 354; Lister v. Bradley, 1 Hare, 10; Everitt v. Everitt, 29 N. Y. at page 75; Loder v. Hatfield, 71 N. Y. 92, 99; Warner v. Durant, 76 N. Y. 133, 136. Standing alone there would be no question, I think, that the bequests contained in the second clause of the will are vested. But the will proceeds as follows:

"Third. I hereby direct my executor * * * to deposit all my monies that I may die possessed of in the savings bank to bear interest.

"Fourth. To my friend Hyman Wolf Aufner I give and bequeath the interest that may accrue on my such possessions deposited in a bank for a period of ten years, payable to him every five years. After a period of ten years the interest to go to be payable to my heirs equally as herein before provided."

[3] Clauses "third and fourth," just quoted, undoubtedly modify the gifts given by the second clause of the will now before me. The question is: Do they so modify it as to create an unlawful perpetuity? An unlawful perpetuity in this state under our present law of property can, as said by that most admirable judge, Rapallo, arise only in two ways:

"There are but two modes in which the absolute power of alienation can be suspended, viz., by an express trust or power in trust * * * or by a contingent limitation." Radley v. Kuhn, 97 N. Y. at page 34.

As there is no pretense of a trust in this will, the only question on it is: Is there a contingent limitation?

The main reason why the bequests to the nephews and nieces may be regarded as contingent is that the nephews and nieces are not to get the interest on the capital until majority. It is claimed that this fact takes the bequests out of the category of vested and puts them for ten years into the category of contingent bequests. There is a great difference between a gift to a contingent class and a gift to a class upon a contingency. A gift to those who attain 21 or to such nephews and nieces as attain 21 is a gift to a contingent class. But a gift of

interest meanwhile may have the effect of vesting the bequest. Theobald, Wills, 561. I do not wish to be taken as affirming that the right of a legatee to the interest before he attain majority is the sole criterion of vesting; the immediate severance of a legacy from the estate may operate to make the legacy vested, even though the legatee is not to get the interest before majority. But as this point is not in this case it need not be discussed. Pearson v. Dolman, L. R. 3 Eq. 315.

Undoubtedly the disposition of the interest is a very important criterion in the determination whether testamentary gifts of personal estate are to be held vested or contingent (Hanson v. Graham, 6 Ves. 239, 249; per Jessel, J., Re Parker, 16 Ch. D. 44; per Leach, V. C., in Vawdry v. Geddes, 1 R. & Hy. 208. A gift of the interest, in the absence of anything else, for example, prima facie vests the principle (Hawkins on Wills [2d Ed.] 272), while a gift of the interest to another than the donee of the capital undoubtedly tends to raise an inference that the gift of the capital was intended to be contingent on the arrival of the donee at the age of 21 years (Vise v. Stoney, 1 D. & War. 337; Warner v. Durant, 76 N. Y. 136; Smith v. Edwards, 88 N. Y. 92, 106; Steinway v. Steinway, 163 N. Y. 183, 57 N. E. 312; Matter of Dippel, 71 App. Div. 598, 76 N. Y. Supp. 201). It seems to me that, as the nephews and nieces of Mr. Kalter are not by his will to get the interest on their legacies for a stated term, the bequests are to be taken as contingent and not vested.

The contingency under the will endures for ten years. Now, a contingent gift of personalty for a stated term of ten years raises in this state an unlawful perpetuity. The bequests to the nephews and nieces are therefore void, which destroys the scheme of the will, as the other provision is too inseparable to be saved. I am the less reluctant to come to this conclusion because the nephews and nieces in question will take all under the statute of distribution.

Settle decree accordingly.