(81 Misc. Rep. 28.)

### BROOKMAN v. TUTHILL et al.

(Supreme Court, Trial Term, Orange County. May 22, 1913.)

1. WILLS (§ 821*)—RIGHTS OF DEVISEES—CHARGES.

Testatrix devised her farm to her two daughters, share and share alike, and provided that, if her daughter M. should die before testatrix, her share should go to the other children, and, in case M. sold her interest in the farm, charged it with a legacy of $500, and by codicil charged the daughter's interest with the payment of $1,500 in case of such sale, to be held in trust for her during life, with remainder over, and on the death of M. owning her interest charged the $1,500 "upon said farm." The daughter died, owning her one-half interest in the farm, which after her death was sold. Held, in an action for the construction of the will and codicil, that the testatrix intended in any event to make the $1,500 a charge upon the interest of the daughter, and not upon the whole farm.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2114–2119; Dec. Dig. § 821.*]

2. WILLS (§ 459*)—CONSTRUCTION—CORRECTION OF INCORRECT EXPRESSION.

While the courts may not rewrite wills, they must correct incorrect expressions, and give effect to the evident intent of the testator.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 978; Dec. Dig. § 459.*]

Action by Margaret A. Brookman for the construction of the last will and testament and codicil of Mary E. Pierson, deceased. Judgment for plaintiff, decreeing the construction of the codicil in certain terms.

Joseph & Percy V. D. Gott, of Goshen, for plaintiff.
Graham Witschief, of Newburgh, for defendants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date; & Rep'r Indexes

TOMPKINS, J. This action is for the construction of the last will and testament and codicil of Mary E. Pierson, deceased. The will provides as follows:

"Second. I give, devise and bequeath my farm situated in the said town of Hamptonburgh, and containing about one hundred and thirty-six acres more or less and being the homestead farm of Oliver Thompson, deceased, together with all the personal property and live stock on said farm, to my two daughters, Mary K. Tuthill, wife of Thomas B. Tuthill, and Margaret A. Woodhull, wife of George E. Woodhull, equally, share and share alike, and if my said daughter Margaret shall die before I do, I give her equal half part of said property to her son Nathaniel; and if my said daughter Mary shall die before I do, I give her equal half part of said property to my other two children share and share alike; but I charge upon the interest of my daughter Mary in said devise, the payment to my executors hereinafter named of the sum of five hundred dollars in case she shall sell her interest in said farm which sum shall be held in trust by my said executors and kept invested and the interest paid to my said daughter, Mary, during the rest of her natural life and at her death said principal sum shall be paid to Nathaniel D. Woodhull, my grandson, aforesaid, if living, if not, then to my other two children equally and their heirs; and if my said daughter Mary shall die, still owning her interest in said farm, I charge upon said farm the payment of said legacy of five hundred dollars, to said Nathaniel D. Woodhull within one year thereafter, if he be still living."

The material provisions of the codicil are as follows:

"I revoke all the provisions therein contained which charge upon the interest of my daughter Mary, in the farm bequeathed to my daughters in and by the terms of said will, the payment of the sum of $500.00 and I make the following provision in the place thereof: I charge upon the interest of my daughter Mary, in said devise the payment to my said executors of fifteen hundred dollars ($1,500), in case she shall sell her interest in said farm which sum shall be held in trust by my said executors and kept invested and the interest paid to my said daughter Mary, during the rest of her natural life, and at her death I direct my said executors to pay the principal of said sum of $1,500.00 to my daughter Margaret, or if she be then dead, to my son George M. Pierson; and if my said daughter Mary shall die still owning her interest in said farm, I charge upon said farm the payment of said legacy of fifteen hundred dollars, to my daughter Margaret within one year thereafter if she be then living; and if my daughter Margaret be not then living, said legacy shall be paid to my son George M. Pierson."

The daughter Mary died owning her half interest in the farm, which has, since her death, been sold, and the question now to be determined is whether the testatrix intended, in such an event, to charge upon the whole farm the payment of the $1,500 provided by the codicil to be paid to the other daughter, Margaret A., who is the plaintiff in this action, or whether it is chargeable only against the share of the deceased daughter, Mary.

[1] A careful study of the will and codicil leads to the conclusion that the testatrix intended in any event to make the $1,500 a charge upon the interest or share of her daughter Mary, and in no event to make it a charge upon the whole farm. The words in the will, and repeated in the codicil, "and if my said daughter Mary shall die, still owning her interest in said farm, I charge upon said farm the payment of said legacy," give an inaccurate expression of her intention. The testatrix intended by her will and codicil to charge said amount upon her daughter Mary's interest in said farm. The wording of

the codicil is exactly like that of the will. The testatrix, when making the codicil, undoubtedly copied, or had copied, the words from the will. They are identically the same, except as to the amount, which is changed from $500 to $1,500, so that the clause in the codicil means only what the clause in the will means, and the meaning of the clause in the will, or perhaps, rather, the intention of the testatrix in making the will, and her interpretation thereof, are all found in that clause of the codicil, which reads as follows:

"I revoke all the provisions therein contained, which charge upon the interest of my daughter Mary in the farm bequeathed to my daughters in and by the terms of said will, the payment of the sum of $500.00, and I make the following provision in the place thereof."

From this clause in the codicil it appears that the testatrix understood that the entire clause of the will making the charge related only to the interest of Mary in the farm, and not in any way to the interest of Margaret, and the charging clause in the codicil cannot be construed as more comprehensive. The rule that "a devise subject to a charge in favor of the devisee is such an unusual method of giving away property as to raise the question at once whether that was the actual intention" (Kinkele v. Wilson, 151 N. Y. 269, 45 N. E. 869), is to be considered, and to so hold in this case would be hostile to the general plan of the testatrix, which was to charge upon Mary's interest the payment of $1,500 to Margaret. There is nothing in the will or codicil, except the language to be here construed, which in any way shows an intention to reduce that charge one-half, if Mary did not sell her interest during her lifetime.

[2] It seems to me clear that the testatrix intended, in the event of the death of her daughter Mary, that the $1,500 should be a charge upon her interest in the farm, and that the words "I charge upon said farm" were inadvertently used, and were an inaccurate expression of her intention. To hold otherwise would mean that, if the farm had been sold during Mary's lifetime, $1,500 would have been taken out of her share of the proceeds, while now that the farm has been sold since her death, her husband, who is the devisee under her will, would be called upon to pay only the sum of $750. While the courts may not rewrite wills, they must correct inaccurate expressions, and give effect to the evident intent of the testator. Phillips v. Davies, 92 N. Y. 204.

The plaintiff is entitled to judgment decreeing that the codicil be construed so as to read:

"If my said daughter Mary shall die still owning her interest in said farm, I charge upon her said interest in said farm the payment of said legacy of $1,500 to my said daughter Margaret, within one year thereafter."