(88 Misc. Rep. 377)

## In re CORRELL'S WILL.

(Surrogate's Court, Bronx County.  December, 1914.)

1. WILLS (§ 680*)—CONSTRUCTION—BEQUESTS.
   A will gave "all the rest, residue and remainder" of testatrix's estate, both real and personal, to her executors, to convert into cash and divide "the interest thereof" equally among her children and grandchildren, the share belonging to the grandchildren to be deposited in banks for their benefit until the youngest should arrive at the age of 25 years, and until a distribution of her estate 10 years after her decease, and gave the executors power to collect rents and profits and pay the net income thereof to the daughters "as herein provided for the distribution of the corpus" of the estate.  Three daughters and one grandchild survived testatrix.  *Held*, that she intended that the executors and trustees should divide the proceeds of the sale of her property, deposit the share belonging to the grandchildren in a bank for their benefit, and hold the shares belonging to each child respectively for 10 years, each child to receive the income of her share.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1594–1598; Dec. Dig. § 680.*]

2. WILLS (§ 449*)—CONSTRUCTION—BEQUESTS.
   Such provisions of the will disclosed an intention by testatrix to dispose of her entire residuary estate, and not merely "the interest thereof."
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 965; Dec. Dig. § 449.*]

3. WILLS (§ 470*)—CONSTRUCTION—INTENT.
   The intent of a testatrix should be determined from the entire will, not from isolated parts thereof.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 988; Dec. Dig. § 470.*]

4. WILLS (§ 455*)—CONSTRUCTION—LANGUAGE.
   The intent of a testatrix, as ascertained from the entire will, must be given effect. though it is necessary to supply or eliminate words, or give words a strained and unusual construction.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 972, 973, 976; Dec. Dig. § 455.*]

5. WILLS (§ 448*)—CONSTRUCTION—INTESTACY—RESIDUARY CLAUSE.
   The language of a residuary clause of a will is, if possible, to be so construed as to avoid intestacy.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 964; Dec. Dig. § 448.*]

6. WILLS (§ 446*)—CONSTRUCTION—VALIDITY.
   That construction should be adopted which upholds, rather than invalidates, a will.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 962; Dec. Dig. § 446.*]

7. PERPETUITIES (§ 6*)—POWER OF ALIENATION—SUSPENSION.
   A provision of a will which deferred merely the actual paying over of bequests for 10 years, during which time those to whom the property belonged were to receive the rents, income, and profits of their respective shares, did not result in an unlawful suspension of the power of alienation.
   [Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–47, 49–53, 56; Dec. Dig. § 6.*]

Proceedings on the probate of the will of Julianna Correll, deceased. Will construed, and decree according to opinion.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George A. Steinmuller, of New York City, for petitioner.

Charles L. Denks and Gustav Gunkel, both of New York City, for respondents.

SCHULZ, S. [1] The dispositive part of the will of the testatrix consists of five enumerated paragraphs. The first of these contains a direction to pay debts and funeral expenses; the second contains a bequest of all her household utensils, furniture, jewelry, wearing apparel, etc.; the third paragraph is the one of which construction and adjudication is asked, and is quoted in full hereafter; the fourth contains provisions granting to her executors power to let, lease, mortgage, or sell her real estate; and in the fifth she nominates her executors. The testatrix left her surviving three daughters and one of the grandchildren named in paragraph third of the will. The probate of the will is not contested, but one of the daughters files an answer, in which she prays for a construction, and asks that it be adjudged that no valid trust was created by the provisions of paragraph "Third" of the will. One of the two grandchildren mentioned in this paragraph predeceased the testatrix. The other grandson is now over 25 years of age. All of the parties are adults, all of them duly appeared and are represented by counsel, and one of the daughters joins in the prayer contained in the answer referred to. The prayer of the respondent is thus acquiesced in by one of the other daughters of the decedent, and apparently not opposed by any of the other parties. The parties are all before the court, and no reason is apparent why the matter should not be disposed of now.

The paragraph in question, designated "Third," is as follows:

"Third.—All the rest, residue and remainder of my estate, both real and personal property of every kind, character and nature whatsoever and wheresoever situated, of which I may die seised and possessed of, I give, devise and bequeath to my executors hereinafter named, and the survivor of them (in trust nevertheless), to convert the same into cash, and divide the interest thereof equally among my children, Catherine Helbling, Julia Klemt, Wilhelmina Witte and my grandchildren Carl Ehrbacher and Fritz Ehrbacher, and the survivor of them, share and share alike, the share belonging to my said grandchildren shall be deposited in banks for their benefit until the youngest of them shall arrive at the age of twenty five (25) years, the issue of any deceased child however shall take the share his, her or their parent would have taken if alive, per stirpes and not per capita.

"And until the distribution of my estate which shall take place ten (10) years after my decease, I give my said executors full power and authority to collect the rents, issues and profits thereof and to pay the net income thereof to my said daughters in the same manner as hereinbefore provided for the distribution of the corpus of my said estate."

The contention is that the testatrix attempted to create a trust to convert her property into cash and divide the proceeds thereof among her children and the two grandchildren; that she attempted to create a further trust, in which she fixed 10 years after her death as the time for the distribution of the corpus of her estate, and provided for payment of income in the meanwhile and fixed as the duration of said trust a term of 10 years; that the duration of the trust, being measured in years, and not in lives, is contrary to the statute against perpetuities; and that therefore the trust is invalid, and the children of

the decedent and the surviving grandchild are not entitled each to an equal one-fourth part of the decedent's estate.

[2-4] I have given a great deal of consideration and thought to the language of the paragraph "Third" of this will, which really consists of two paragraphs. In the first of these two the word corpus or principal is not used, and if that paragraph were read without considering its relation to the general scheme of the will, and particularly in its relation to the second paragraph of paragraph "Third," and without applying rules of law which I think are well settled, I would be inclined to say that the language was insufficient to denote that the testatrix intended by it to make a disposition of the corpus of her estate. That paragraph, standing alone, would seem to indicate an intent to dispose of the interest on the proceeds of the sale of the property of the decedent only. But it is the duty of the court to endeavor to ascertain the intent of the testatrix, not from isolated phrases and sentences, but from a reading of the whole document, and when the intent of the testatrix has been ascertained it must be given effect, even though it is necessary to read into the will words that are not there, to eliminate words that are there, or to interpret them in a manner which, though strained and unusual, is yet the one in which the testatrix must have used them in order to carry out her intent. The court has no power to make a will for the testatrix (Phillips v. Davies, 92 N. Y. 199; Dreyer v. Reisman, 202 N. Y. 476, 96 N. E. 90, 36 L. R. A. [N. S.] 618); but, when once satisfied of her intent, it has a wide latitude in the construction which it may place upon the language of the document in order that the intent of the testatrix may be carried out.

In Phillips v. Davies, supra, the court held that where the real meaning and intent of the testator in his will appears clear, and—

"its plain and definite purposes are endangered by inapt or inaccurate modes of expression, and we are sure that we know what the testatrix meant, we have a right and it is our duty to subordinate the language to the intention. In such a case the court may reject words and limitations, supply them, or transpose them, to get at the correct meaning."

In Roe v. Vingut, 117 N. Y. 204, at page 212, 22 N. E. at page 934, the court says:

"In either event the strict language used in some portions of the instrument must give way for the purpose of arriving at the meaning of the testatrix based upon a perusal of the whole document. Upon such perusal, if a general scheme can be found to have been intended and provided for in the instrument, and such general scheme is consistent with the rules of law, and so may be declared valid, it is the duty of courts to effectuate the main purpose of the testatrix. To accomplish such object the meaning of words and phrases used in some parts of the will must be diverted from that which would attach to them if standing alone, and they must be compared with other language used in other portions of the instrument, and limitations must be implied, and thus the general meaning of all the language must be arrived at. * * * Where it can be done without violence to the intention of the testator, that one of two possible constructions will be given to a clause which will sustain the intended devise, rather than the one that will defeat it."

The principles here enunciated seem to have been followed generally by the courts of this state. See Dreyer v. Reisman, supra; Deni-

son v. Denison, 185 N. Y. 438, 78 N. E. 162; Matter of Miner, 146 N. Y. 121, 40 N. E. 788; Starr v. Starr, 132 N. Y. 154, 30 N. E. 384; Williams v. Petit, 138 App. Div. 394, 122 N. Y. Supp. 746; Walter v. Ham, 68 App. Div. 381, 75 N. Y. Supp. 185; Brookman v. Tuthill, 81 Misc. Rep. 28, 141 N. Y. Supp. 822; Matter of Bartholomew, 82 Misc. Rep. 1, 143 N. Y. Supp. 695.

When the paragraph in question is read in connection with the second subdivision of paragraph "Third," and particularly when we consider the statement therein as follows:

"To pay the net income thereof to my said daughters in the same manner as hereinbefore provided for the distribution of the corpus of my said estate"

—it at once becomes apparent that, whether or not the testatrix did in fact by apt and accurate verbiage provide for a distribution of the corpus of her estate, she certainly must have believed that she had done so; otherwise, the language quoted fails of its purpose. The will, however, in none of its paragraphs seemingly distributes the corpus, unless the language contained in the first paragraph of paragraph "Third" can be so construed. The first question then is: Can an intention of the testatrix to dispose of the corpus of her estate be gathered from a consideration of paragraph "Third," and, if so, what was her intention?

[5] The introductory language of paragraph "Third" indicates that the testatrix was then considering "all the rest, residue and remainder" of her estate, "both real and personal property of every kind, character and nature," and that she intended this to be the residuary clause of her will. The language in the second paragraph "Third" further leads to the conviction that she intended to dispose of the whole of her residuary estate, and not only the "interest thereof." The principle applicable, I think, is aptly stated by the court in Matter of Miner, 146 N. Y. at page 131, 40 N. E. at page 790, as follows:

"Unless a residuary bequest is circumscribed by clear expressions, and the title of a residuary legatee is narrowed by words of unmistakable import, it will be construed to perform the office that it was intended for, viz., the disposition of all the testator's estate, which remains after effectuating the previous provisions in the will, or which may be added to by lapses, invalid dispositions, or other accident. Riker v. Cornwell, 113 N. Y. 115 [20 N. E. 602]. The rule of construction requires of the court, in dealing with the language of a residuary gift which is ambiguous, that it should lean in favor of a broad rather than of a restricted construction; for thereby 'intestacy is prevented, which, it is reasonable to suppose, testators do not contemplate.' Lamb v. Lamb, 131 N. Y. 227 [30 N. E. 133]."

If the first paragraph of paragraph "Third" is construed as disposing of the corpus of her estate, her scheme of testamentary disposition is clear and complete, and she does not die intestate as to any of her property. In that event her three daughters and her surviving grandchild would receive the corpus of her estate, share and share alike. The share of the grandchild is to be deposited in a bank for his benefit until he arrives at the age of 25 years, and the shares of the daughters are to be paid to them after the lapse of 10 years, they in the meanwhile to receive the income of their shares. If, on

the other hand, the testatrix by the provisions of paragraph "Third" did not dispose of the corpus of her estate, it follows that she has died intestate as to the said corpus, the provisions of paragraph "Third" become unintelligible and unworkable, and the whole scheme of testation is impossible and falls.

[6] That a construction which brings about intestacy is not to be adopted, if avoidable, and that where one of two constructions may be given to the provisions of a will that construction should be favored which upholds the will, rather than that which invalidates it, are rules of law which are well settled in this state. See cases cited, supra. It will be observed that the words used leading to the uncertainty are "interest thereof," which must be construed "corpus thereof," unless the results above stated are to follow. Having in mind all of the language of paragraph "Third," and the rules of law adverted to, I reach the conclusion that such construction should be adopted, and that the testatrix intended that her executors and trustees should convert her property into cash, divide the corpus of her estate in the manner stated, deposit the share belonging to the grandchildren in a bank for their benefit until the younger arrived at the age of 25 years, and hold the shares belonging to each child respectively for 10 years, in the meanwhile distributing the income thereof in the same manner as the corpus; that is to say, each daughter to receive the income of her share.

[7] This is in accord with the contention made by the respondent that the testatrix intended to dispose of the corpus of her estate. I cannot, however, agree with her further contention, namely, that the fact that distribution shall not be made until 10 years after the decease of the testatrix constitutes an unlawful suspension of the power of alienation. Assuming that the construction which I have given to paragraph third is correct, the executors have been directed to convert the property into cash and divide the corpus of the estate equally among the decedent's children and her two grandchildren. In referring to that part which her grandchildren are to take she uses the language, "the share belonging to my said grandchildren," and it is fair to assume that she regarded the other shares as "belonging to" her daughters respectively. In other words, in my opinion, the will contains words of present gift. If the will had provided that the property be held in trust for 10 years and then divided, I would have had more doubt about the matter; but here I think there is a present division, a present gift, a separation and setting apart of the respective shares of each child and the grandchild. Such I think is clearly shown by the fact that the share "belonging to" the grandchildren "shall be deposited." The result in my judgment is a vesting of these shares in the respective children and grandchildren named, who survived the testatrix. The shares belonging to the children are to be held by the trustees for the period of 10 years, during which time the rents, issues, and profits thereof are to be collected by them and paid to the daughters in the same manner as provided for the distribution of the corpus of her said estate; that is to say, each one receiving the income on her share.

I do not agree with the conclusion reached by the respondent that the daughters get the income on the whole estate. The testatrix provided

that the share belonging to the grandchildren was to be deposited, and hence, when she later used the words "until the distribution of my estate," she meant the distribution of that part of her estate for whose distribution she had not theretofore provided, namely, the part of her estate which was bequeathed to the daughters. If I am correct in this conclusion, then there is clearly a setting apart with words of present gift, a consequent vesting, and only the actual paying over deferred for 10 years. During this time those to whom the property belongs are to receive the net income of their respective shares. This would be in line with the principle that the law favors a construction resulting in the vesting of estates rather than one having a contrary effect, and it would not, in my opinion, based upon an examination of many authorities, including those cited in respondents' brief, result in a violation of the statute prohibiting the unlawful suspension of the power of alienation. See cases cited supra; also Steinway v. Steinway, 163 N. Y. 183, 57 N. E. 312; Vanderpoel v. Loew, 112 N. Y. 167, 19 N. E. 481; Seitz v. Faversham, 205 N. Y. 197, 98 N. E. 385; Cammann v. Bailey, 210 N. Y. 19, 103 N. E. 824; Bushnell v. Carpenter, 92 N. Y. 270, 272; Warner v. Durant, 76 N. Y. 133; Smith v. Edwards, 88 N. Y. 92; Matter of Dippel, 71 App. Div. 598, 76 N. Y. Supp. 201; Matter of Lincoln Trust Co., 76 Misc. Rep. 421, 137 N. Y. Supp. 162; Fulton Trust Co. v. Phillips, 164 App. Div. 498, 150 N. Y. Supp. 335.

Whether the provision that the share of the grandchildren be deposited in banks for their benefit until they arrive at the age of 25 years violates the statute as to unlawful accumulation does not require consideration, because the only surviving grandchild was over 25 years of age at the time of the death of the testatrix. I accordingly construe the will as heretofore indicated and adjudge that the provisions of paragraph "Third" do not result in an unlawful suspension of the power of alienation.

Decreed accordingly.