AMANDA TILLMAN et al., Plaintiffs, *v.* CHARLES A. OGREN et al., Defendants.

(Supreme Court, New York Special Term, April, 1917.)

Wills — construction of — residuary estate — meaning of "his heirs and assigns forever" — mortgages — evidence — actions.

Where by a wife's will her residuary estate was given to her husband, his heirs and assigns forever, with the understanding that he should give and turn over to her sister such part as remained undisposed of at his death, and in addition to a sum of money received from his wife's estate he came into possession,

from the same source, of a parcel of real property which he mortgaged, and he dies leaving a will by which all of his estate was given to his sister and sister-in-law, the latter is entitled to recover such part of her sister's residuary estate as was not disposed of by her husband in his lifetime.

While the words "his heirs and assigns forever" may be considered in determining the proper construction of the devise or bequest to the husband, their inclusion added nothing to the quality of the interest or estate which he would have taken without them.

The money borrowed on the mortgage being identified and shown to have been intact in the savings bank at the husband's death, where it had been originally deposited, should be paid to the wife's sister upon the production by her of a certificate of a satisfaction of the mortgage.

The evidence failing to identify the other moneys sought to be recovered, the action as to them must fail as it was at least necessary to show that that part of the property in the husband's possession at his death was clearly traceable to his wife's estate.

ACTION to recover property received from a wife's estate, and in the husband's possession at his death.

Mitchell & Mitchell, for plaintiffs.

L. W. Severy, for defendants.

PLATZEK, J.   By the will of Anna C. Erickson all her residuary estate, real and personal, was given to Lars Erickson, her husband, " to have and to hold the same to him, his heirs and assigns forever, *with the understanding that at the decease of the said Lars Erickson all of the estate which he shall derive under this will, which shall then remain by him undisposed of, he shall give and turn over to my sister, Amanda Tillman.*"   Both the husband and the sister survived the testatrix.   Under the decree upon the accounting

the husband received $3,155.19 from his wife's estate. He also came into possession of a parcel of real property which he subsequently mortgaged for $1,500. Later the husband died, leaving a will by which he left all his property to his sister and sister-in-law. The plaintiff, the sister of the testatrix, Anna C. Erickson, and named in her will, brings this action to recover the moneys received by Lars Erickson from his wife's estate and the moneys borrowed by him upon the mortgage of the real property on the theory that these moneys were all derived from his wife's estate and that none of them were disposed of by him within the meaning of her will. I find no difficulty in holding that plaintiff is entitled to such part of her sister's residuary estate as was not disposed of by Lars Erickson in his lifetime. The residuary gift is plainly made upon that condition or with that limitation. The words used were not merely precatory. They were more than expressions of desire, hope or expectation. They expressed the condition or, as testatrix put it, the " understanding " upon which the gift was made. " The word ' understand,' so much used by lawyers and jurists in connection with the execution of deeds, wills and such instruments, includes the realization of the practical effects and consequences in every direction of the proposed act, be it deed or will." Pitney, V. C., in *White* v. *White,* 60 N. J. Eq. 104–115. This limitation upon the gift was no less plain than the words of gift themselves (*Smith* v. *Bell,* 6 Pet. 68, 76), and the testatrix's intention must be given effect if it can be done without the violation of settled principles. *Colt* v. *Heard,* 10 Hun, 189. The addition of the words " to him, his heirs and assigns forever " added nothing to the quality of the interest or estate which the husband would have taken without them. These words are entitled to be considered in determining the

proper construction of the devise or bequest (*Clay* v. *Wood,* 153 N. Y. 134), but their inclusion cannot override the evident intention manifested by the words which follow them. *Trunkey* v. *Van Sant,* 176 N. Y. 535, 542, 543. I conclude that the husband, taking under the will, was bound by the " understanding " expressed in the giving clause, and that, if he would otherwise have had a general power to dispose of the property by his will (*Matter of Gardner,* 140 N. Y. 122), the concluding words of the clause show that he was not intended to have power so to dispose of it except in plaintiff's favor. The testatrix appears to have anticipated that her husband would have some portion of the estate left when he died, and evidently wished to make sure that in that event it should go to her own sister rather than to her husband's family or relatives. The $1,500 borrowed on mortgage was identified and shown to have been intact at the husband's death in the savings bank where it had been originally deposited. It should be paid to plaintiff upon her producing a certificate of the satisfaction of the mortgage. The evidence fails to identify the other moneys sought to be recovered. The burden was upon the plaintiff to establish that the property received by the husband from his wife's estate, and for which a recovery is sought, was still in the husband's possession at the time of his death. *Seaward* v. *Davis,* 198 N. Y. 415. Of course I do not mean to say that the identical moneys or deposits must necessarily have remained unchanged. But it was at least necessary to show that that part of the property in the husband's possession at his death, which is sought to be recovered by plaintiff, was clearly traceable to the wife's estate. The bank accounts do not satisfactorily aid in such an identification, but rather indicate the contrary. It would be mere speculation to say that the moneys

received by the husband under the surrogate's decree probably remained undisposed of by him and were still in his possession when he died. As to these moneys, therefore, the action must fail.

Ordered accordingly.