Amanda Tillman, Individually and as Administratrix with the Will Annexed, etc., of Anna C. Erickson, Deceased, Appellant, Respondent, *v.* Charles A. Ogren, as Executor, etc., of Lars Erickson, Deceased, Respondent, Appellant.

First Department, April 5, 1918.

Will construed — devise of residuary estate with "understanding" that legatee will give undisposed of property to certain person at his death — when residuary legatee takes absolute gift with power to dispose of property during his lifetime or by will.

Where a testatrix having made a bequest of a specific sum of money to the plaintiff, gave the whole residuary estate to her husband, " to have and to hold the same to him, his heirs and assigns forever," with the understanding that at the death of the residuary legatee " all of the estate which he shall derive under this Will which shall then remain by him undisposed of he shall give and turn over " to the plaintiff, there was an absolute gift of the residuary estate both real and personal to the husband of the testatrix, with unlimited power to dispose of said property. Hence, the residuary legatee had power to give and devise the residuary estate to his own sisters to the exclusion of the plaintiff, and she is not entitled to recover any part of his estate which may have come from the original testatrix.

The devise of the residuary estate with the "understanding" that at the death of the legatee he shall give the undisposed property of the estate to the plaintiff, did not show a prior agreement between the residuary legatee and the testatrix as to the final disposition of the residuary estate, but meant no more than an expression of the understanding or desire of the testatrix that her husband should give the property to her sister.

CROSS-APPEALS by the plaintiff, Amanda Tillman, individually and as administratrix c. t. a., and by the defendant, Charles A. Ogren, as executor, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 26th day of April, 1917, upon the decision of the court after a trial at the New York Special Term.

*William Mitchell* of counsel [*William Mitchell Van Winkle* with him on the brief; *Mitchell & Mitchell,* attorneys], for the appellant, respondent.

*Louis W. Severy,* for the respondent, appellant.

PAGE, J.:

The action was brought by the plaintiff individually and as administratrix with the will annexed of Anna C. Erickson, against the executor of the estate of Lars Erickson, deceased.

Anna C. Erickson died on the 24th day of March, 1903, leaving a last will and testament which was duly admitted to probate by the surrogate of Kings county. In her will she appointed her husband, Lars Erickson, the defendant's testator, sole executor and letters were duly issued to him. The will, after directing the payment of the just debts and funeral expenses of the testatrix, bequeathed to her sister, Amanda Tillman, the plaintiff herein, the sum of $1,000. In the next succeeding paragraph the following disposition was made of her estate:

"*Fourth.* I give and bequeath to my beloved husband Lars Erickson all of the rest and remainder of my estate both real and personal to have and to hold the same to him, his heirs and assigns forever, with the understanding that at the decease of the said Lars Erickson all of the estate which he shall derive under this Will which shall then remain by him undisposed of he shall give and turn over to my sister Amanda Tillman."

The entire estate of Anna C. Erickson consisted of a house and lot in Brooklyn and $4,500 deposited in the Kings County Trust Company. Lars Erickson administered the estate and paid to the plaintiff the $1,000 legacy and certain other debts and expenses, and his accounts were judicially settled on the 27th day of July, 1904. The balance of said

personal estate, amounting to the sum of $3,155.19, was directed to be paid over to him, and it was further ordered that upon doing so he be discharged as executor of the last will and testament of Anna C. Erickson, deceased, and freed of and from all responsibility to any person interested in said will on account of his acts and doings thereunder as to the items embraced in said account. Lars Erickson died on February 1, 1914, leaving a last will and testament, which was duly admitted to probate by the surrogate of Kings county on or about the 16th day of June, 1914. The said will directed the payment of all the testator's debts, funeral and testamentary expenses and gave, devised and bequeathed all the rest, residue and remainder of his property, real, personal and mixed and wheresoever situated, to his sister, Christina Jonsson and his sister-in-law, Mathilda Erickson, both residing in Sweden, to be divided equally between them, share and share alike, and appointed the defendant his executor. On or about the 3d day of February, 1914, the plaintiff herein was duly appointed by decree of the surrogate of the county of Kings administratrix with the will annexed of all and singular the goods, chattels and credits which were of Anna C. Erickson, deceased, left unadministered. On or about the 2d day of April, 1915, the plaintiff individually and as administratrix caused a claim for the sum of $4,655.19 to be presented to the defendant herein who caused a notice to be served rejecting her claim. Thereupon this action was brought upon two causes of action: The first to recover the sum of $3,155.19 upon the theory that the turning over of the said sum to Lars Erickson by himself as executor was with the understanding, duty, obligation and trust imposed upon him by the 4th paragraph of the will of Anna C. Erickson that on the decease of said Lars Erickson all of the estate of said Anna C. Erickson which he should derive or receive including the sum of $3,155.19 which remained undisposed of at his death should be given and turned over to said Amanda Tillman individually and become her property, and upon the further theory that the whole of said sum or any unexpended balance thereof that the defendant may be able to show came into his hands the plaintiff is entitled to receive.

The second cause of action is to recover the sum of $1,500

which Lars Erickson borrowed, giving as security his bond and a mortgage covering the premises received by him under the will of his wife, plaintiff claiming that at the time of his death he held both the real estate and the sum of $1,500 so borrowed, subject to the understanding, duty, obligation or trust contained in the 4th paragraph of the will of Anna C. Erickson.

The learned justice at Special Term has dismissed the complaint as to the first cause of action, holding that upon the date of the receipt by Lars Erickson of the sum of $3,155.19 the said Lars Erickson or his legal representatives became liable to pay over the said sum of $3,155.19 to the plaintiff, except such portion, if any, of said sum as at the decease of said Lars Erickson had been by him disposed of, but that the burden was upon the plaintiff to establish that the property received by the husband from his wife's estate and for which a recovery is sought was still in the possession of the husband at the time of his death, and inasmuch as it was not shown that the property in the husband's possession at his death was clearly traceable to the wife's estate, the complaint should be dismissed as to the first cause of action, but that as the $1,500 borrowed on the real estate was deposited in a bank and still remained there at the time of his death, the plaintiff became entitled to receive this $1,500 upon satisfying and discharging the bond and mortgage given by Erickson for that amount and a lien upon the said real estate.　(See 99 Misc. Rep. 539.)

The plaintiff appeals from so much of the said judgment as dismisses her complaint as to the first cause of action, and the defendant appeals from that portion of the judgment that sustains the second cause of action.

The entire controversy in this case involves the construction of the 4th paragraph of the will.　I am unable to agree with the construction given to this paragraph by the learned justice at Special Term.　It is to be noticed that the residuary estate is given to Lars Erickson to have and to hold the same to him, his heirs and assigns forever.　This is an absolute gift of the residuary estate, both real and personal, to Erickson, giving to him the fee of the real estate and the absolute property in the personalty and gives to him by reason thereof unlimited power of disposition of the said property, unless this estate is qualified or cut down by the remaining portion of the said

paragraph. It is a well-settled rule that " Where there is an absolute gift of real or personal property, in order to qualify it, or to cut it down, the latter part of the will should show an equally clear intention to do so, by the use of words definite in their meaning, and by expressions which must be regarded as imperative." (*Clay* v. *Wood,* 153 N. Y. 134, 140.)

Applying this general rule to the clause in question, in my opinion, it clearly does not meet the test. The plaintiff contends that the word " understanding " is synonymous with "agreement" and annexes a condition upon the gift, which was ratified and adopted by Erickson by the taking of the property that he would turn over to the plaintiff any unexpended balance of the estate that remained in his hands at the time of his death. But the word " understanding " as thus used is equivocal and ambiguous. (*Barkhausen* v. *Chicago, M. & St. P. R. Co.,* 142 Wis. 292; *Williams* v. *Yazoo & Miss. V. R. Co.,* 82 Miss. 659; 35 Sou. Rep. 169; *Black* v. *City of Columbia,* 19 S. C. 412, 419.) It would require the resort to evidence to thus interpret its meaning. If it were intended thereby to mean that there had been a prior agreement between Erickson and his wife, if she gave to him this residuary estate that he would pass on any unexpended balance to the plaintiff, then it might be that there would be some foundation for the plaintiff's claim that the word " understanding " was synonymous with "agreement," but without such evidence the word would mean no more than an expression of her understanding or desire that her husband would pass the property to her sister.

It is claimed on the part of the appellant that there was no power of disposition of the property by will given to Lars Erickson. I know of no other method whereby a deceased person can transmit property except by will, and as the expression of the testator was that *he shall* give and turn over to the plaintiff all of the estate which at the time of his decease remains by him undisposed of, it certainly contemplates such gift by will; hence the power of disposition by will is expressly recognized.

In *Matter of Gardner* (140 N. Y. 122) by the residuary clause of his will the testator gave the residue of his estate to his wife to have and to hold the same and every part and

parcel thereof to her heirs and assigns forever, provided, however, that if any part of it should remain unexpended or undisposed of at her death what should so remain *he gave* to his son and his heirs and assigns.

It will be noted that the language of this will is much stronger than that in the case at bar; nevertheless the court held: " The gift to the wife is in the first instance absolute and unlimited with an habendum that she shall have and hold it and every part and parcel of it to her, and her heirs and assigns forever. She was thus invested with the power to dispose of it in any manner authorized by law, and it only remains to be considered how far the fee so devised to her has been cut down by the subsequent provisions of the will. There is undoubtedly a condition annexed to the grant to the effect that if she died leaving any part of the property undisposed of at her death, such part should revert to his son, the appellant here. Unquestionably as to any portion of the estate to which this proviso might be applicable, the precedent estate granted to the wife would be converted into a qualified or base and determinable fee. But what was the contingency upon which such a change in the quality of the estate devised was to depend? Upon the true answer to this question rests the solution of this controversy. The appellant contends that it was the death of the first taker without having divested herself of the title by a grant of the fee in her lifetime, and that the alienability of her estate did not include the power to devise or bequeath it. But the terms employed are unrestricted. It is only what is ' undisposed of ' at her decease, if any, that is given to her son. A general power to dispose of property includes the right to dispose of it by will, unless the grant of the power contains words which expressly or by fair implication exclude such a method of disposition. The will took effect at the very moment of death, and there was not, therefore, any part of the property which was not disposed of ' at her decease.' This construction is in harmony with the terms previously employed, which import an unlimited power of disposition."

It is to be noted in that case the testator in terms gave the unexpended portion of the estate to his son, while in the case at bar there is merely a statement that the husband

should give. The case at bar is, therefore, much stronger, as the estate granted was not cut down by the subsequent clause, nor any condition, in terms, thereto annexed.

In my opinion in the instant case Lars Erickson received the residue of his wife's estate both real and personal, with the absolute power of disposition, not alone during his lifetime but by will upon his death, and that the latter portion of the 4th paragraph did not qualify or cut down this power, and having exercised this power by an appropriation of this property to his own use during his lifetime and having bequeathed and devised it as a part of his own residuary estate to persons other than the plaintiff, the plaintiff has no cause of action against the executors of his estate, either individually or as administratrix of Anna C. Erickson.

Therefore, the judgment, in so far as appealed from by the plaintiff, should be affirmed, with costs, and so far as appealed from by the defendant should be reversed, with costs, and a judgment entered dismissing the complaint. Findings inconsistent with the above are reversed.

CLARKE, P. J., LAUGHLIN, DOWLING and DAVIS, JJ., concurred.

On plaintiff's appeal, judgment affirmed, with costs. On defendant's appeal, judgment reversed, with costs, and complaint dismissed. Order to be settled on notice.