S. Samuel Di Falco, S.
In this construction proceeding it appears that the sixth paragraph of the testator’s will established a trust in the amount of $100,000 with the income payable to two life beneficiaries. Upon the termination of the trust the trustee was: ‘ then to pay over the principal of said fund hereby created and remaining in the hands of my said Executor and Trustee, to the Trustees of the Cathedral of St. John the Divine, now in course of erection on Cathedral Heights, in the City of *180 New York, as a bequest from me and in memory of my beloved Wife, the late Margaret T. St. John who, from childhood, was a devout communicant and member of the Protestant Episcopal Church, and who entered upon Life Eternal, in the City of New York on the Sixth day of December 1901.” This article of the will further provided in the same paragraph as follows: “ It is my wish that such principal sum, hereby bequeathed, be, in due course of time, accepted by said Cathedral Trustees, and expended for a large Memorial Window of Stained Glass and Angelic Design, the name Margaret T. St. John died December 6, 1901, to be engraved upon such memorial window to be placed on the wall of the principal Nave of said Cathedral.”
It is urged by the residuary legatees and the special guardian that the word “ wish ” as used in the will was not employed in a precatory sense; that the gift cannot be accepted by the cathedral unconditionally since it has already installed a stained glass window at a cost considerably less than the amount of the bequest and that the remainder of the trust is therefore payable, pursuant to article Eleventh of the will, its residuary clause. A reading of the entire will by this court reveals an intent by the testator to bestow an absolute bequest upon the cathedral. The word “wish” appears to be wholly precatory (Matter of Johnston, 277 App. Div. 239, affd. 302 N. Y. 782).
The general rule is that an absolute gift of personal property can only be cut down or qualified by a latter part of the will in such language that would show a clear intent to do so and by the use of words definite in their meaning and by expressions which must be regarded as imperative and not precatory (Tillman v. Ogren, 182 App. Div. 672, affd. 227 N. Y. 495, motion for reargument denied 228 N. Y. 559). Applying that rule to the questioned clause the court finds an intent upon the testator’s part to favor the cathedral with an absolute legacy of the remainder of the trust.