JOSEPH M. L. STRIKER, an Infant, by JOSEPHINE R. STRIKER, His Guardian ad Litem, Appellant, *v.* PHILIP DALY, Respondent.

**Testamentary trust — power of sale — a power of sale incidental to a trust and for convenience of its administration may be executed by a surviving trustee unless the joint action of all named trustees is expressly required by the terms of the trust.**

1. Where a power of sale is so connected with a trust that it is a mere incident, created so that the trust may be more conveniently administered, then it may be executed by the person or persons who at the time are the trustee or trustees, unless the joint action of all named as trustees is expressly required by the grantor.

2. Testator bequeathed " the net balance of the income " of his property to a relative who died before testator. After her death he gave such " net income " to his brother for life with remainder to his heirs. He empowered his executors to lease, sell and dispose of his real estate as they judge best and he named his brother, to whom he had bequeathed the net income of his property, and another " to be the executors of and trustees under " his will. Thereafter, the other executor having resigned, the brother as remaining executor, acting under the power of sale contained in the will, conveyed certain real estate of the deceased to the defendant's predecessor in title. The appellant is one of the children and heirs at law of the brother, now deceased. Claiming that the power of sale was not properly exercised he brings this action as one of such heirs to recover an undivided part of the property conveyed and now in the defendant's possession. *Held,* that the will created a trust estate vested in the persons named as trustees, and that the remaining executor and trustee might convey.

*Striker* v. *Daly,* 175 App. Div. 620, affirmed.

(Argued May 7, 1918; decided May 28, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 29, 1916, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Gilbert Ray Hawes* and *Arthur L. Fullman* for appellant. The power of sale contained in the will of Joseph M. L. Striker was not given to the executors as such, but to Elsworth L. Striker and George C. Miller in their individual capacity. (*Kissam* v. *Dierkes,* 49 N. Y. 602; *Gulick* v. *Griswold,* 14 App. Div. 85; *Dominick* v. *Michael,* 4 Sandf. 374; *Whitlock* v. *Washburn,* 62 Hun, 371.) Elsworth L. Striker as executor had no power to convey any estate whatever. (*Haendle* v. *Stewart,* 84 App. Div. 279; *Draper* v. *Montgomery,* 108 App. Div. 66; *Lane* v. *Hustace,* 154 App. Div. 640; *Hyatt* v. *Nugero,* 17 N. Y. S. R. 746; *Brown* v. *Doherty,* 93 App. Div. 190; 185 N. Y. 583; *Wilder* v. *Ranney,* 95 N. Y. 7; *Brennan* v. *Wilson,* 71 N. Y. 502.) The power of sale contained in the will was a power in trust under the Real Property Law, and could only be exercised in conformity with the provisions of the statute. (*Trustees of American Bank* v. *McCombs,* 105 Va. 473; *Scholle* v. *Scholle,* 113 N. Y. 361; *Pollock* v. *Hooley,* 67 Hun, 370; *Whitlock* v. *Washburn,* 62 Hun, 369; *Unterberg* v. *Elder,* 211 N. Y. 499.)

*Charles Haldane, amicus curiæ.*

*Harold Swain* and *Archer P. Crane* for respondent. The power of sale conferred upon the executors by the will of Joseph M. L. Striker was properly and effectually executed by Elsworth L. Striker, the only remaining executor of said will, whether it was given to them as executors or trustees or otherwise. (*Sharp* v. *Pratt,* 15 Wend. 610; *Taylor* v. *Morris,* 1 N. Y. 341; *Leggett* v. *Hunter,* 19 N. Y. 445; *Gould* v. *Mather,* 104 Mass. 283; *Weimar* v. *Fath,* 43 N. J. L. 1; *Clark* v. *Denton,* 36 N. J. Eq. 534; *Lippincott* v. *Wyckoff,* 54 N. J. Eq. 107;

*Digges' Lessee* v. *Jarman,* 4 Har. & McH. [Md.] 485; *Neel* v. *Beach,* 92 Penn. St. 221; *Wells* v. *Lewis,* 61 Ky. 269.) The power conferred by the will of Joseph M. L. Striker was given to his executors as such; and, therefore, it survived to Elsworth L. Striker after George C. Miller resigned. (*Matter of Bull,* 45 Barb. 334; *Niles* v. *Stevens,* 4 Den. 399; *Bradford* v. *Monks,* 132 Mass. 405; *Boutelle* v. *City Sav. Bank,* 17 R. I. 781; *Matter of Murphy,* 184 Penn. St. 310; 1 Perry on Trusts, § 294; *Gould* v. *Mather,* 104 Mass. 283; *Weimar* v. *Fath,* 43 N. J. L. 1; *Wilson* v. *Snow,* 228 U. S. 217; *Royce* v. *Adams,* 123 N. Y. 402; *Greenland* v. *Waddell,* 116 N. Y. 234; *Mott* v. *Ackerman,* 92 N. Y. 539; *Leggett* v. *Hunter,* 19 N. Y. 445.) The power of sale conferred by the will of Joseph M. L. Striker was coupled with the trusts created by that will; and, therefore, it survived for the remaining executor and trustee, Elsworth L. Striker, after George C. Miller resigned. (*Woodward* v. *James,* 115 N. Y. 346; *Greene* v. *Greene,* 125 N. Y. 506; *Lahey* v. *Kortright,* 132 N. Y. 450; *Forman* v. *Young,* 166 App. Div. 815.) Since the power of sale in the will of Joseph M. L. Striker was a power in trust, it was properly executed by Elsworth L. Striker after the resignation of George C. Miller, whether or not there was any trust created by that will. (Cons. Laws, ch. 50, § 112, subd. 3.)

*Edward S. Clinch* for Fremont M. Jackson, *amicus curiæ.*

ANDREWS, J. Joseph M. L. Striker died in 1883. By his will he directed his executors to pay his debts as soon as " conveniently can be done." Next he bequeathed to a friend two thousand dollars, " to be paid him in five annual payments of four hundred dollars each out of the rents to be collected " from his real estate, and gave " the net balance of the income " of his property

to his grandmother for life. After her death he gave such " net income " to his brother for life with remainder to his heirs. He empowered his executors " hereinafter named, to lease, sell and dispose " of his real estate as they judge best, and he named " my brother, Elsworth L. Striker and my friend, George C. Miller, to be the executors of and trustees under " the will.

At the date of Mr. Striker's death his grandmother was also dead. Both the executors named in the will qualified. In 1884, however, by a decree of the surrogate, based upon his petition, Mr. Miller was discharged as executor and allowed to resign as trustee. Thereafter, in 1888, Elsworth L. Striker, acting under the power of sale contained in the will, conveyed certain real estate of the deceased to the defendant's predecessor in title. He, himself, died in 1912. Mr. Miller had died in 1901.

The appellant is one of the children and heirs at law of Elsworth L. Striker. Claiming that the power of sale was not properly exercised, he brings this action as one of such heirs to recover an undivided part of the property conveyed and now in the defendant's possession.

It is his argument that this will conferred a general power in trust upon the persons also named as executors. Such a power, vested in two or more grantees, must be exercised by them jointly except in the two cases specified in section 166 of the Real Property Law and in section 2694 of the Code of Civil Procedure. The exercise of the power by Mr. Striker was not covered by either of these sections, and being invalid nothing passed to the grantee of the real estate.

If we admit the premise that the only effect of this will was to vest in the two persons named as executors a power in trust, the question as to whether it was properly exercised under the circumstances by one of them may not be altogether free from difficulty. (*Matter of Van Wyck,* 1 Barb. Ch. 565, 568; *Shelton* v. *Homer,* 46

Mass. 462; *Fleming* v. *Burnham*, 100 N. Y. 1; *Weimar* v. *Fath*, 43 N. J. Law, 1.)

But upon the record before us, we are not required to pass upon this question. As we have said repeatedly, to create a valid express trust it is not necessary that the purposes of the trust should be stated in the precise words of the statute. It must be declared in the will, or other instrument by which it is created. Yet no particular form of words need be used. It is not essential that the words " trust " or " trustee " should be found, nor that there should be a direct devise in terms to the trustee, nor that the authority to receive the rents and profits should be conferred in so many words. It is sufficient if the intention to create a trust under the statute can be fairly collected from the instrument, and what is implied from the language used is, as in other instruments, deemed to be expressed.

The will of Mr. Striker did more than to grant to his executors a power. It created a trust estate vested in them as trustees. Such a result necessarily follows from its terms. The debts are to be paid as soon as they can conveniently pay them. What the grandmother and brother are given is not the income, but the net income — the income after someone has received what has fallen in and has paid the necessary expenses. The executors may not only sell, they may lease the real estate, and so by implication may receive the rents. The friend and brother are named not only as executors but as trustees. (*Ward* v. *Ward*, 105 N. Y. 68; *Morse* v. *Morse,* 85 N. Y. 53.)

Where a power of sale is so connected with a trust that we can see it is a mere incident — that it is created so that the trust may be more conveniently administered, then it may be executed by the person or persons who at the time are the trustee or trustees, unless the joint action of all named as trustees is expressly required by

the grantor. Such is not this case. This being so, after the resignation of Mr. Miller, the remaining executor and trustee might convey. (Laws of 1884, chap. 408; *Lahey* v. *Kortright*, 132 N. Y. 450; *Wilson* v. *Snow*, 228 U. S. 217.) This is so even should he be held then to have obtained the legal life estate. (*Weeks* v. *Frankel*, 197 N. Y. 304.)

For this reason we hold that the judgment appealed from must be affirmed, with costs.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO and POUND, JJ., concur; McLAUGHLIN, J., not sitting.

Judgment affirmed.