JOSEPH M. L. STRIKER, an Infant Over the Age of Fourteen Years, by JOSEPHINE R. STRIKER, His Guardian ad Litem, Plaintiff, *v.* J. GEORGE MEHRTENS, Defendant.

(Supreme Court, New York Special Term, November, 1919.)

Trustees — testamentary — power of surviving trustee to convey — trusts — wills — title — ejectment — executors and administrators — Code Civ. Pro. § 2638.

Where a trust estate created by will vests in the executors as trustees, the use of a power of sale of the testator's real estate is an incident to administration and the mode of its exercise is subject to legislative regulation.

Since the amendment (Laws of 1884, chap. 408) to then section 2818 of the Code of Civil Procedure, now covered by section 2638 thereof, a remaining testamentary trustee under a will which took effect before said amendment, may, upon the resignation of his cotrustee, make a conveyance of the testator's real estate pursuant to a power of sale contained in the will.

Where in ejectment to oust defendant from premises of which he has a clear record title, on the ground that the deed under which his predecessor in title became seized of the premises was invalid because made by only one of two executors named in the will of a former owner, the other executor having been permitted to resign upon the petition of his coexecutor praying for a judicial settlement of his accounts, the defendant is entitled to judgment.

Though the after-born legal heirs of testator, of which plaintiff is one, were not cited to show cause why the decree permitting the other executor to resign should not be made, said resignation was effective to permit of the conveyance; the validity of the decree was not a necessary condition for the fact of resignation.

ACTION in ejectment.

Gilbert Ray Hawes, for plaintiff.

Frederick W. Block, for defendant.

McAvoy, J.  The action here is in ejectment.  It is brought to oust from possession the person now seized of the record title upon the ground that the deed under which defendant's predecessor in title became possessed of the premises is invalid, because such deed was made by one only of two executors named in the will of a testator who was previously the title holder. The defendant has a clear chain of title so far as recording instruments go to a fee of the premises, and if the power exercised by one of two executors named in the before mentioned will was validly exercised there can be no recovery in ejectment of these premises.  Elsworth L. Striker, as sole acting executor of Joseph M. L. Striker, deceased, conveyed these premises by deed, dated February 23, 1888, to W. Scott Taber, and through several mesne conveyances since the Taber deed the title has been lodged in defendant to whatever Taber acquired under the deed.  Prior to chapter 408 of the Laws of 1884, when a trustee resigned his trust under a will the remaining trustee was not expressly permitted by the then Code of Civil Procedure to execute the trust.  By its enactment the provision permitting a remaining trustee to execute a trust when a cotrustee resigned was incorporated in the law.  This amendment was passed after the will of the testator herein went into effect.  Hence it is said, arguing for plaintiff, that such permission as it gives to surviving executors to execute a power given them under a will upon the resignation of a coexecutor cannot be held to validate the action of the executor in this instance, because as to the legal heirs in whom a remainder was vested in this estate at that time there could not be a divestment of their interests by the operation retroactively of any law of the land.  If the power of sale contained in the will was not given

to the executors *ratione officii,* but to the two individuals named therein in their personal capacity as a power in trust, the argument would have avail, but since the power of sale so given is connected with a trust so that the trust can be more conveniently administered and is a mere incident thereto, then it may be executed by the person or persons who at the time are the trustee or trustees, unless the joint act of all named as trustees is expressly required by the testator or grantor of the power. There would have been in the first instance assumed a change in the method of disposition of the property from that existing at the testator's death, which might be held to affect the vested interests retroactively. Here, however, the will created a trust estate vested in the executors as trustees. The use of the power was an incident to administration of the estate, and the mode of its exercise is regulatory procedure which lies within legislative control. Miller having resigned, the coexecutor and trustee might convey. But, it is urged, Miller never resigned effectively and his coexecutor therefore never came within the provision of chapter 408 of the Laws of 1884 or of any common-law rule of which that statute is declaratory permitting the exercise of a power coupled with a trust by a remaining executor or executors in office at the time. This is broached upon the failure to cite this plaintiff or his class as remaindermen vested or contingent in the citation issued on the application of the coexecutor to be permitted to resign and to judicially settle his accounts. There were no persons in being capable of being cited who were then the legal heirs of Joseph M. L. Striker who were not called by the citation to show cause why the decree should not be made permitting the executor to resign

his trust. This plaintiff was not then in being. His class, the after-born legal heirs of Joseph M. L. Striker, was not cited, and of course the decree is not binding in any way upon him. Does this prevent the operation of the statute or the common-law rule adverted to above? Was the resignation effective so as to permit the other executor to convey? I conclude that it was. The account of course is open to objection by anybody not cited. The resignation was permitted upon the petition of the coexecutor and upon his filing his account for the purpose of being discharged. If the plaintiff had been cited by his class, it is not conceivable that objection to the resignation could be the subject of the litigation. There was no power to compel the executor to act, and his refusal to act, or inability to act, is evidenced by the decree removing him on his own petition. Who can object to the part of the decree removing an executor and allowing him to resign excepting the executor where the proceeding is involuntary? Any finding of fact or statement of account is of course not an adjudication against this infant, but the resignation and its acceptance is merely declaratory of the condition upon which the other executor might act. The infant's absence or presence could not affect this condition of fact. The notion that the decree is conditional is fanciful. The directions to turn over certain chattels and to make certain payments are enforcible against the executor if he failed of performance, but in nowise can they be distorted into conditions precedent for the decree's taking effect. In any event, as pointed out heretofore, the decree's validity is not a necessary condition for the fact of resignation. That fact having been admitted, the remaining executor was empowered to convey, and the deed of defendant's predecessor in title executed

by Elsworth L. Striker is forceful to grant the lands therein described and of which the premises here in suit are a part. Judgment for defendant on the submitted facts.

Judgment accordingly.