Surrogate's Court, Bronx County, December, 1920.   [Vol. 113.

Matter of the Accounting of the Executors of the Estate of SOPHIE MAY, Deceased.

(Surrogate's Court, Bronx County, December, 1920.)

Wills — construction of — intention of testatrix — life estates — trusts — distribution.

> The intention of a testatrix must be ascertained from the will as a whole, and isolated sentences or phrases may not be considered regardless of their context.

> A sister of testatrix, besides a direct bequest of certain specific personal property, was given during her lifetime the "interest" of savings bank accounts, bonds and corporate stock, and later provisions of the will directed the distribution of the principal, which testatrix called "capitol," among her sister's surviving children, each of whom was to "touch" his or her share when twenty-one years of age. *Held*, that the intention of testatrix was not to create a life estate in her sister, coupled with the possession of the property, but a trust, with the executors as trustees to collect the interest and income, pay it to the sister for life and upon her death to distribute the corpus of the trust property as directed by the will.

PROCEEDINGS for the construction of a will on the accounting of executors.

Fullerton Wells, for executors.

Joseph V. McKee, special guardian.

SCHULZ, S.  In an accounting proceeding the executors set forth that the will is not clear in its disposition and hence it is necessary to construe the same before a decree settling the accounts can be made.

By her will the decedent gives to her sister, Esther Levy, a cemetery lot " in full property " and then proceeds as follows:

Misc.]   Surrogate's Court, Bronx County, December, 1920.

" I leave to said sister Esther Levy during her life time the interest of my monies deposited in different savings Banks in the City of New York — also the interest of the following." (Here are detailed a number of bonds and shares of stock.)

" I leave to said sister in full property the following:" (Here follow a large number of items of jewelry, household furniture, clothes, etc.)

"After the death of my said sister Esther Levy the Capitol of the whole amount of my monies in Banks bonds and Stocks is to be divided in equal parts between my nephews and nieces the sons and daughters of said sister Esther Levy, each one of them to touch his share when 21 years of age.   Names as follows:" (Here are set forth the names of nine children.)

" I hereby appoint Esther Levy and Geo. D. Weeks without bond to be Executors of this my last Will and Testament."

The uncertainty in the minds of the executors arises from the language of that part of the will above quoted, and the contention of their counsel is that Esther Levy is trustee of so much of the personalty which consists of savings bank accounts, bonds and shares of stock, she to receive the income therefrom during her life, and upon her death the principal fund to be divided among her nine children, each to take his or her share upon arriving at the age of twenty-one years.   The special guardian on the other hand contends that no valid trust is created but that Esther Levy gets a life estate with remainder over to the nephews and nieces.

I construe the phrase " each one of them to touch his share when 21 years of age " to mean that the said infants shall receive their shares as they respectively attain the age of twenty-one years.   That the testa-

trix did not intend to give the bank accounts, bonds and shares of stock to her sister Esther Levy outright is evident, for she provides that the " *interest* " thereof is left to the said sister and subsequent provisions direct a distribution of the principal which she calls " capitol " among her surviving children. Such intent is further indicated by the fact that as to those things which the testatrix gives to her sister outright, as for instance the cemetery plot and the furniture, jewelry and wearing apparel, she uses the phrase " *in full property.*" It follows, therefore, that either there is a trust or that a life estate has been created in the sister, Esther Levy, with remainder over.

The intent of the decedent governs and to ascertain that intent it is of course necessary that the whole will be examined and its various provisions read together and not that isolated sentences or phrases be considered regardless of their context. *Howland* v. *Clendenin,* 134 N. Y. 305; *Roe* v. *Vingut,* 117 id 204; cases cited in *Matter of Correll,* 88 Misc. Rep. 377, and in *Matter of Columbia Trust Co.,* 97 id. 566.

The decedent did not bequeath the property but only the interest during her lifetime. The provision that the children shall " touch " their shares of the " capitol " when twenty-one years of age as construed by me also tends to negative the conclusion that it was the intent of the testatrix to create a life estate in her sister coupled with the possession of all of the property mentioned. If such had been her purpose and having in mind that some of the children might not be twenty-one years of age at the time of the death of her sister, I believe that she would in all probability have named some one else to hold the shares of such infants between the time that her sister's possession ended by reason of her death and the time such children reached their majorities and that it is fair to assume that she

did not provide for that contingency because she did not intend that her sister should have the sole possession of the property in question as a life tenant. I therefore reach the conclusion that the language under consideration does not create a life estate in the sister named.

The next question to be considered is whether or not she intended to create a trust. The word trust is not used, but this is of no importance (*Matter of Leonard,* 218 N. Y. 513; *Mee* v. *Gordon,* 187 id. 400; *Matter of Dewey,* 153 id. 63; *Ward* v. *Ward,* 105 id. 68, 74; *Morse* v. *Morse,* 85 id. 53); no one is named as trustee but this is not necessary (*Striker* v. *Daly,* 223 N. Y. 468 and cases cited *supra*) and there is no express bequest to a trustee, which, however, is not decisive. In a proper case, such a request to the trustee may be implied. *Morse* v. *Morse, supra; Felter* v. *Ackerson,* 35 App. Div. 282; *Brewster* v. *Stricker,* 2 N. Y. 19. When from the whole will it is apparent that the testatrix intended to create a trust, and that certain persons named are to perform duties which trustees usually perform, then the court is warranted in considering the instrument as creating a trust and naming a trustee.

If I am correct in my conclusion that the sister has no life estate coupled with the right of possession, I think it is fair to impute an intent to the decedent that some one should have possession and control of the property in question to the end that her sister receive the interest thereof and the latter's children the principal as provided in the will; and to assume that she intended to create a trust for that purpose I so determine.

This brings us to the final question: Whom did the testatrix intend to appoint trustee? The fact that the interest only is bequeathed to her sister seems to be

**638**         MATTER OF MAY.

an indication that she was not to be the sole trustee. Indeed if we assume that the decedent intended to appoint her as such, then we would have a situation which is not sanctioned by our laws, for it is not permitted that the same person shall be at once the sole trustee and the sole beneficiary of the same trust. *Woodward* v. *James,* 115 N. Y. 346; *Weeks* v. *Frankel,* 197 id. 304; *Greene* v. *Greene,* 125 id. 506; *Tuck* v. *Knapp,* 42 Misc. Rep. 140. If the property had been real estate, under section 92 of the Real Property Law (Cons. Laws, chap. L) she would have been deemed to have a legal estate therein of the same quality and duration and subject to the same conditions, as her beneficial interest. The same result appears to follow in the case of such an attempted trust of personal property and would in effect give her a life estate therein which I have already found was not the intention of the decedent. *Graff* v. *Bonnett,* 31 N. Y. 9, 11, 13; *Matter of Gawne,* 82 App. Div. 374; affd., on opinion below, 176 N. Y. 597; *Matter of De Reycke,* 99 App. Div. 596. I therefore reach the conclusion that the decedent did not intend to appoint her sister such trustee.

As no provision was made for the delivery of the principal by the executors to anyone else, I am of the opinion that it was her wish that the executors should hold the property mentioned as trustees, collect the interest and income thereof, pay it to Esther Levy during her life and upon her death, divide the corpus among her nine children as they respectively became twenty-one years of age.

Decreed accordingly.