LeGrand S. DeGraff, Individually and as Trustee of the DeGraff Memorial Hospital, and Sherman Getz, Plaintiffs, *v.* Myles W. Joyce, as Trustee of the DeGraff Memorial Hospital and as Mayor of the City of North Tonawanda, and Others, Defendants.

Supreme Court, Niagara County, August 30, 1939.

*Arthur J. Sentz* [*Dow Vroman* of counsel], for the plaintiffs.

*Carlton P. O'Connor*, for the defendant Myles W. Joyce.

THOMAS H. NOONAN, Official Referee.    In this action the plaintiffs are seeking a declaratory judgment on various questions of difference existing between the trustees of DeGraff Memorial Hospital and Myles W. Joyce, as mayor of North Tonawanda, especially in relation to the power of the mayor in appointing the trustees of said hospital, and the power of said trustees in the management of the same.

When the case came before Justice SAMUEL J. HARRIS he referred it to me, an official referee of the Supreme Court, to hear and determine, and it was heard at Buffalo, N. Y., on June 21 and 26, 1939.

The plaintiff DeGraff is a trustee of said hospital and one of its organizers, and Sherman Getz is a voter and taxpayer in said city. There is practically no·dispute as to the facts.    On or about June 13, 1913, the plaintiff LeGrand S. DeGraff sent the following letter:

" NORTH TONAWANDA, N. Y.,
*June* 13th, 1913.

" To the Honorable, The Mayor
and Common Council of the
City of North Tonawanda,
New York.

·" Gentlemen: As trustee for myself and other, I herewith offer to construct and equip a modern twenty to thirty bed hospital in your city at a cost of approximately forty thousand ($40,000.00) dollars and to convey the same to the city of North Tonawanda, free and clear of all incumbrances, upon the following terms and conditions, to wit:

" *First.* The City of North Tonawanda shall keep insured and maintain the said hospital as an emergency hospital for the temporary reception, care and maintenance of the sick and injured.

" *Second.* Such hospital shall be under the management and control of a Board of Trustees, one of whom shall be the Mayor of your City, and the others of whom shall be appointed by the Mayor of the City of North Tonawanda, one upon the nomination of the Board of Directors of The State National Bank of North Tonawanda, one upon the nomination of the Board of Directors of The First National Bank of Tonawanda, one upon the nomination of Frederick Robertson & Co., Bankers of North Tonawanda, and one upon the nomination of the Common Council of the City of Tonawanda, or their respective successors; and also an additional trustee for each additional incorporated Bank in the Cities of Tonawanda

and North Tonawanda to be appointed by the Mayor of the City of North Tonawanda upon the nomination of the respective Boards of Directors of such additional Banks, one by each. In case of the discontinuance of any Bank then the Trustee nominated by such Bank shall cease to be such trustee and in case of the discontinuance of said Frederick Robertson & Co., as Bankers, then the Trustee nominated by them shall cease to be a Trustee; but there shall always be as many Trustees as there are incorporated Banks in said Cities and in addition thereto the mayor of the City of North Tonawanda, or his successor in office under another name and a Trustee to be nominated by the Common Council of the City of Tonawanda, or its successor.

" *Third.* Such hospital shall be known by some appropriate name selected by such Board of Trustees.

" *Fourth.* The Board of Trustees of said hospital shall make rules and regulations and such charges for the care, support and maintenance of patients at such hospital as it may from time to time determine; and the said City of North Tonawanda shall at all times furnish support, care and maintenance to the indigent sick treated therein, who are actual residents of the City of North Tonawanda, free of charge.

" In case of the breach, by the City of North Tonawanda, of any of the conditions aforesaid, or in case it shall fail for a period of two months to maintain such hospital as above provided, then and in that event or in either of such events, such hospital and all equipment therein shall revert to the undersigned as such Trustee or his successor in Trust, who shall have full power to sell the same and divide the avails of such sale among the donors of such hospital in proportion to their respective donations.

" If your Honorable Body, will accept this proposition and agree to maintain such hospital, then the undersigned will immediately proceed to have the same constructed and equipped and thereafter conveyed to the City of North Tonawanda upon the terms and conditions herein expressed. Also if this proposition is accepted, trust you will have Trustees appointed so that they may supervise its erection.

" Yours respectfully,<br>
" LEGRAND S. DEGRAFF."

On June 17, 1913, the common council of the city of North Tonawanda, N. Y., duly adopted the following resolution:

" *Resolved,* that the proposition of LeGrand S. DeGraff, Trustee, to construct and equip a modern twenty to thirty bed hospital at a cost of approximately forty thousand dollars ($40,000.00) and to convey the same to this City upon certain terms and con-

ditions in said proposition stated, be and the same hereby is accepted, and the said DeGraff as such Trustee, is authorized to proceed with the construction and equipment thereof and that this City will maintain such hospital as provided in said proposition.

" *Resolved*, further, that the Clerk of this Board be and hereby is directed to notify the Common Council of the City of Tonawanda, N. Y., The First National Bank of Tonawanda, The State National Bank of North Tonawanda and Frederick Robertson & Company, bankers, of North Tonawanda each to make a nomination for Trustee of such hospital."

Said resolution was duly approved by John A. Rafter, the then mayor of said city, on June 18, 1913.

On June 24, 1913, the board of trustees was organized with the following members: John A. Rafter, as mayor of the city of North Tonawanda; Charles F. Zuckmaier, mayor of Tonawanda; the plaintiff LeGrand S. DeGraff, on the nomination of the State National Bank of North Tonawanda, since reorganized as the State Trust Company of North Tonawanda; James S. Thompson, on the nomination of the First National Bank of Tonawanda, since reorganized as the First Trust Company of Tonawanda, and Frederick Robertson, on the nomination of Frederick Robertson & Co., private bankers in North Tonawanda, and at said meeting a motion was duly made and carried that the hospital be called the DeGraff Memorial Hospital.

Thereafter the construction and equipment of the hospital was done under the direction of the aforesaid trustees, and on December 1, 1914, the plaintiff LeGrand S. DeGraff, as trustee and individually, and VeNorma C. DeGraff, his wife, deeded the hospital property to the city of North Tonawanda. Said deed contained the same terms and conditions as in his letter or proposal of June 13, 1913, and the common council of said city, by a resolution duly adopted on December 1, 1914, accepted said deed on the terms and conditions therein contained.

The city clerk of North Tonawanda, in pursuance of a direction contained in the resolution of the common council accepting the offer of Mr. DeGraff, transmitted certified copies of said resolution to the common council of the city of Tonawanda and to the State National Bank of North Tonawanda, together with a letter requesting the nomination of a trustee of said hospital by each of them, and in pursuance of such request the common council of Tonawanda, by a resolution duly adopted by it, nominated Charles F. Zuckmaier as such trustee, and the State National Bank of North Tonawanda, by resolution of its board of directors, duly nominated the plaintiff LeGrand S. DeGraff as a trustee, and it is a fair assump-

tion that said city clerk also sent certified copies and requests to Frederick Robertson & Co. and The First National Bank of Tonawanda, because the bank duly nominated James S. Thompson as its representative, and Frederick Robertson appeared for his private bank.

A trust can be created without the use of the words " trust " or " trustee." (*Striker* v. *Daly*, 223 N. Y. 468; *Matter of Leonard*, 218 id. 513, 520; *Matter of May*, 113 Misc. 634, 637.) It is a fair inference from the language used in all the correspondence relating to the establishment of the hospital that the donors of the hospital intended it to be administered as a *trust* for the benefit of the people in the Tonawandas and nearby territory.

" The creator of a trust has the right to appoint his own trustees without consultation with the *cestuis que* trust. The settlor may also provide in the original creation of the trust for new trustees if for any reason the first ones fail." (65 C. J. 575, § 340, and cases cited.)

" Right to provide for substitute or successor trustee. The author of a trust, in declaring the trust, may mold and give it any shape he chooses, and he may provide for the appointment of a successor or successors to the trustee upon such terms as he may choose to impose, and, where the trust instrument contains a valid provision as to the method of filling vacancies, the appointment of a trustee to fill a vacancy must be made in conformity with such provision. The creator may provide directly for new trustees by naming the persons to be substituted, or by giving a power of appointment." (65 C. J. 575, § 341.)

A trust will not be permitted to fail for want of a trustee. If the trust instrument fails to provide for the filling of vacancies such vacancies can be filled *only* by the court. (65 C. J. 573, § 339.)

The city was authorized to take the hospital in trust and conduct it under and pursuant to the following statutes: Section 3 of article 1 of the Revised Charter of the City of North Tonawanda (Laws of 1907, chap. 752); section 73 of the General Municipal Law, and subdivision 2 of section 114 of the Real Property Law, and its maintenance is a proper city expense. (*Sun Printing & Publishing Assn.* v. *Mayor*, 8 App. Div. 230.)

To date the hospital and its equipment has cost about $220,000, of which Mr. DeGraff has contributed about $90,000, and having accepted the hospital under the conditions imposed without any objections to the legality of said conditions from December 1, 1914, to January 1, 1938, the mayor is not now in position to question said condition, and without any discretion on his part it

is his duty to appoint the trustees nominated by the existing banks in the two cities and by the common council of the city of Tonawanda, and he has absolutely no power to limit the term of office of any trustee so appointed.

The number of trustees is fixed in the offer to build the hospital, and the mayor is without power to change that provision. His only power is to appoint the trustees duly nominated and to serve as a trustee representing the city of North Tonawanda, and in that capacity he has only the same power as the other trustees. Failure so to act might result in a reversion of the hospital property to its donors, under the provisions of the second part of paragraph 4 of the offer of June 13, 1913.

The plaintiffs are entitled to judgment directing Myles W. Joyce, as mayor of the said city of North Tonawanda, to forthwith appoint said E. Herbert Smith and said Christ S. Warren as trustees of said hospital without any limitation as to the length of the term of such appointees.

The plaintiffs are entitled to judgment restraining and enjoining the said defendant Myles W. Joyce, acting as a single trustee of said hospital and/or as mayor of said city of North Tonawanda, from removing said LeGrand S. DeGraff as a trustee of said hospital, from removing said Grace G. Eaton as superintendent of said hospital, and from removing any nurse or other employee of said hospital.

I direct that judgment be entered accordingly and declaring the rights and other legal relations of the parties as herein decided