William R. Brennan, Jr., J.
Motion by defendants for summary judgment in an action to set aside a conveyance of property and to compel an accounting of the profits derived therefrom.
The plaintiff Alvan S. Hutchinson is the life income beneficiary of a trust, the principal of which consisted of a one-half interest in the residuary estate of his mother who died on April 19,1944. The coplaintiff Brown and her brother, the defendant Alvan S. Hutchinson, Jr., are the remaindermen of the trust.
The testatrix, by her last will and testament, devised one half of her residuary estate to her sister, the defendant Emerson; and directed the other half to be held in trust and the income therefrom paid over to the plaintiff Alvan S. Hutchinson during his life and the principal paid over to his children on his death. The will named the defendant Emerson and Leonard W. Hall as executors and trustees, and invested them with a general power of sale. Both fiduciaries qualified, and letters testamentary and of trusteeship were issued to them on May 19, 1944. The coexecutor, Leonard W. Hall, was subsequently elected Surrogate of Nassau County, and on December 31, 1952 he resigned as trustee of the estate. However, he failed to resign as executor, and such action was not taken until a judicial settlement of his accounts was approved on November 30, 1964, effective as of December 31,1952.
The defendant Emerson undertook to sell real property forming part of the residuary estate to the defendant Hutchinson, and on November 19, 1963 delivered a deed which she executed individually and as executor of the estate. The grantee later resold the property to the defendant Mary De Eosa.
The complaint, containing a single cause of action, nevertheless proceeds on two theories. It charges that the respective conveyances are void because the original deed was made by only one of the two executors named in the will while the other was still qualified to act. It also alleges that the conveyance to the defendant Hutchinson was fraudulent because the premises were sold for a grossly inadequate sum.
Absent a will provision requiring joint action, a power of sale bestowed on trustees may be exercised upon the resignation of *421 one trustee by the remaining executor and trustee (Striker v. Daly, 223 N. Y. 468; Loeb v. Hasslacher, 209 App. Div. 58; Striker v. Mehrtens, 109 Misc. 220, affd. 191 App. Div. 947; Matter of Thomas, 254 N. Y. 292; Surrogate’s Ct. Act, §§ 224, 226). Consequently, the defendant Emerson, as sole remaining trustee, was, on November 19, 1963, clothed with an absolute power to sell that undivided interest in the realty which was vested in her as trustee. Since she was personally and individually vested with the remaining undivided interest, her deed, in both individual and fiduciary capacities, was sufficient to pass full title. Plaintiff argues, however, that she did not convey as trustee, but as executor. This is mere nomenclature. The will vested title in the “ executors in trust,” and the only capacity in which she was vested with title was under the terms of the trust. The deed, when read together with the will, demonstrates that she acted in her capacity as executor in trust, which is but another name for trustee, and the use of the label executor in the deed did not diminish her power. Leonard W. Hall, by his prior resignation as trustee, had effectively divested himself of any power with respect to the trust, and his signature on the deed would have added nothing. The complaint, then, insofar as it proceeds upon the theory that the conveyance is void, states no cause of action and must be dismissed.
With respect to the alleged fraud or conspiracy theory, the title received by the defendant De Rosa cannot be successfully assailed, and since there is no showing that she is other than an innocent purchaser for value, the complaint against her must be dismissed. The charge of fraud levied against the other defendants presents factual issues that may not be summarily decided on the affidavits presented. (See Noll v. Smith, 250 App. Div. 453.)
The motion is granted as to the defendant De Eosa, and is otherwise denied.