## (June 27, 1966)

■ MURRAY GUTNICK, Appellant, v. GEORGE O. ALLEYNE, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Kings County, entered March 28, 1966, which denied a general preference in trial. Order reversed, without costs, and general preference granted. In view of the uncontradicted affidavit of the physician who treated plaintiff, the general preference must be granted. Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.

■ ALLEN HUPFER, an Infant by His Guardian ad Litem, ARNOLD HUPFER, et al., Respondents, v. CHARLES L. MIX, Defendant, and INCORPORATED VILLAGE OF HEMPSTEAD, Appellant.— In a negligence action to recover damages for personal injury and medical expenses, defendant Village of Hempstead appeals from an order of the Supreme Court, Nassau County, entered March 16, 1966, which denied its motion to dismiss the complaint against it on the ground of noncompliance with the notice requirements of section 341-a of the Village Law. Order affirmed, without costs. We distinguish this case from *Doremus* v. *Village of Lynbrook* (25 A D 2d 749), upon the ground that affirmative negligence is charged here in that the ·village established and maintained the park, which created the special use of the street as a crossway between the park and a Youth Center (see *Bown* v. *Village of Lynbrook*, 23 A D 2d 559, revd. on the dissenting memorandum, 17 N Y 2d 826). Under such circumstances, notice pursuant to section 341-a of the Village Law is not required. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ ALVAN S. HUTCHINSON et al., as Beneficiaries of the Trust Created by the Will of SALLY S. HUTCHINSON, Deceased, Individually and for the Benefit of All Others Similarly Situated, Appellants, v. LENA H. EMERSON, Individually, and as Executrix of SALLY HUTCHINSON, Deceased, et al., Defendants, and MARY DE ROSA, Respondent.— In an action by the life income beneficiary and one of the two remaindermen of a testamentary trust *intar alia* to set aside two successive conveyances of a parcel of real property and to compel defendants to account with respect to said property, plaintiffs appeal (1) from so much of an order of the Supreme Court, Nassau County, entered March 30, 1965, as, upon motion for summary judgment, dismissed the complaint as against defendant De Rosa; and (2) from the judgment of said court, entered June 11, 1965 pursuant to said order in said defendant's favor. Order and judgment affirmed insofar as appealed from, with one bill of $10 costs and disbursements. The property in question was part of a testamentary residuary estate, one half of which was devised outright to defendant Lena Hutchinson Emerson and the remaining one half of which forms the *corpus* of the trust in which plaintiffs are beneficially interested and of which defendant Emerson is the sole remaining trustee. Respondent De Rosa is the grantee under the second of the challenged deeds.. In granting her summary relief, the court held that the deed to her immediate grantor, executed by defendant Emerson alone, in her individual and fiduciary capacities, was a valid exercise of the power of sale granted by the will and that it was not required that defendant Emerson's coexecutor, who had previously resigned as cotrustee, join in the conveyance (see 47 Misc 2d 419; for related opinion, see *Matter of Hutchinson*, 45 Misc 2d 712). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.